DA 06-0219

IN THE SUPREME COURT OF THE STATE OF MONTANA

2007 MT 244

STATE OF MONTANA,

Plaintiff and Respondent,

v.

PAUL LASZLO RACZ,

Defendant and Appellant.

APPEAL FROM:  District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DC-05-0537,
Honorable Gregory R. Todd, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Nancy G. Schwartz, Attorney at Law, Billings, Montana

For Respondent:

Honorable Mike McGrath, Attorney General; John Paulson,
Assistant Attorney General, Helena, Montana

Dennis Paxinos, County Attorney; Ingrid Rosenquist, Deputy
County Attorney, Billings, Montana

Submitted on Briefs:  August 1, 2007

Decided:  September 25, 2007

Filed:

_____
Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1    Paul Laszlo Racz (Racz) appeals from his conviction in the Thirteenth Judicial District, Yellowstone County, of criminal possession of dangerous drugs. We affirm.

¶2    We restate the issues as follows:

¶3    Did law enforcement's handling of evidence deprive Racz of his right to a fair trial?

¶4    Did the District Court's failure to hold a hearing on the validity of Racz's complaints concerning his attorney's effectiveness constitute error?

¶5    Was Racz deprived of his right to effective assistance of counsel?

¶6    Did the prosecutor's closing argument constitute prosecutorial misconduct?

¶7    Does the cumulative error doctrine entitle Racz to a new trial?

## BACKGROUND

¶8    On June 4, 2005, Billings police officers investigated a report of suspicious activity involving individuals loading items into a car trunk. Officers Iffland and Haines arrived at approximately the same time and located the vehicle, and Sergeant House soon joined them. The officers identified Racz and Sheila Velarde as the vehicle's occupants. Officers handcuffed Racz and placed him in Officer Iffland's patrol car after Racz told them that the trunk contained possibly stolen items. Once the officers determined none of the items had been reported stolen, Officer Iffland removed Racz's handcuffs and returned him to the vehicle.

¶9    After releasing Racz, Officer Iffland checked the rear seat of his patrol car and discovered a baggie containing methamphetamine. Officer Iffland arrested Racz and

gave the baggie to Officer Haines to place into evidence. Sergeant House discovered similar baggies in Velarde's purse and gave those to Officer Haines to place into evidence. Officer Haines placed in his right pocket the baggie found in Iffland's patrol car and associated with Racz; in his left pocket, he placed the baggies associated with Velarde. Officer Iffland testified that, though he completed an incident report, the report was missing at trial.

¶10 The State charged Racz with criminal possession of dangerous drugs. During voir dire, defense counsel challenged a prospective juror for cause due to a possible bias toward law enforcement. After the District Court denied the challenge, defense counsel failed to pursue follow-up questions. Defense counsel challenged a second prospective juror for cause, again due to possible law enforcement bias; however, after further questioning from both counsel, defense counsel withdrew the objection. Racz's counsel used peremptory challenges to remove both prospective jurors.

¶11 At the trial's conclusion, defense counsel requested a jury instruction stating that "[w]hen circumstantial evidence is susceptible to two interpretations, one which supports guilt and the other which supports innocence, you the jury must decide which is more reasonable." The jury convicted Racz of criminal possession of dangerous drugs.

¶12 At sentencing, Racz read a letter to the court maintaining his innocence and claiming that, but for his counsel's ineffective assistance, he would have been exonerated. Racz focused on his counsel's failure to obtain fingerprint evidence from the baggies and failure to obtain videotape from the patrol cars, which he claimed would have shown that he was thoroughly searched and thus could have possessed no drugs

3

when he was placed in the patrol car. The District Court informed Racz that he could pursue his remedies on appeal. The District Court sentenced Racz to ten years, with five suspended, at Montana State Prison and designated Racz a persistent felony offender. The District Court appointed different counsel to handle Racz's appeal.

## STANDARD OF REVIEW

¶13 Whether a defendant has been denied a due process right presents a constitutional law question, and we exercise plenary review. *In re A.S.*, 2004 MT 62, ¶ 9, 320 Mont. 268, ¶ 9, 87 P.3d 408, ¶ 9. We review for abuse of discretion a district court's ruling on requests to substitute counsel. *State v. Molder*, 2007 MT 41, ¶ 19, 336 Mont. 91, ¶ 19, 152 P.3d 722, ¶ 19. A court abuses its discretion when it acts arbitrarily, without employing conscientious judgment, or "exceeds the bounds of reason, resulting in substantial injustice." *State v. Matz*, 2006 MT 348, ¶ 34, 335 Mont. 201, ¶ 34, 150 P.3d 367, ¶ 34. Ineffective assistance of counsel claims constitute mixed questions of law and fact that we review de novo. *State v. Lamere*, 2005 MT 118, ¶ 9, 327 Mont. 115, ¶ 9, 112 P.3d 1005, ¶ 9.

## DISCUSSION

¶14 **I    Did law enforcement's handling of evidence deprive Racz of his right to a fair trial?**

¶15 Racz contends that the officers violated his due process rights and thus denied him a fair trial. First, Racz asserts that the officers' initial handling of the baggies compromised the integrity of the evidence. Second, Racz argues that the officers failed to follow his suggestions to test the baggies for fingerprints, which he asserts would have

4

proven his innocence. Finally, Racz claims that the officers' actions indicated a lack of desire to protect his due process rights; specifically, Racz points to the officers' failure to provide him videotape of the initial arrest, the officers' failure to timely cooperate with the defense, and Officer Iffland's missing incident report.

¶16 Racz asserts this due process claim for the first time on appeal. We refuse to consider issues raised for the first time on appeal because "it is fundamentally unfair to fault a district court for failing to rule correctly on an issue it never had the opportunity to consider." *State v. Ramsey*, 2007 MT 31, ¶ 16, 336 Mont. 44, ¶ 16, 152 P.3d 710, ¶ 16. Racz has failed to preserve this issue for appeal and we decline to exercise our discretionary plain error review.

¶17 **II    Did the District Court's failure to hold a hearing on the validity of Racz's complaints concerning his attorney's effectiveness constitute error?**

¶18 Racz claims that the District Court erred in failing to conduct a hearing on the validity of his "numerous complaints and concerns about his representation." At sentencing, Racz read a letter asserting his innocence and announcing his decision to appeal based on ineffective assistance of counsel. Racz's primary complaints against his attorney were (1) that she failed to procure fingerprint evidence from the baggies, and (2) that she failed to procure any videotape from the police cars. Racz claimed that the fingerprint and videotape evidence would have exonerated him.

¶19 A court must make an adequate inquiry to determine whether a criminal defendant's complaints are "seemingly substantial" when presented with a request to substitute counsel based on counsel's ineffective assistance. *State v. Gallagher*, 1998

MT 70, ¶ 14, 288 Mont. 180, ¶ 14, 955 P.2d 1371, ¶ 14.  A separate hearing is not required, however, if the defendant makes no request to substitute counsel.  *Molder*, ¶ 33.

¶20     In this case, though Racz raised issues of his counsel's ineffectiveness, Racz did not request substitution of counsel during his sentencing; thus, Racz's letter failed to implicate the "seemingly substantial" analysis and the need for a subsequent hearing.  We hold that the District Court did not abuse its discretion in failing to conduct a hearing regarding Racz's claims.

¶21     **III     Was Racz deprived of his right to effective assistance of counsel?**

¶22     The United States Constitution and the Montana Constitution guarantee criminal defendants the right to effective counsel.  U.S. Const. amend. VI; Mont. Const. art. II, § 24.   We apply the two-pronged *Strickland* test to ineffective assistance of counsel claims.  *Strickland v. Wash.,* 466 U.S. 668, 104 S. Ct. 2052 (1984); *State v. Herrman*, 2003 MT 149, ¶ 17, 316 Mont. 198, ¶ 17, 70 P.3d 738, ¶ 17.   Under *Strickland*, a defendant must prove (1) that counsel's performance was deficient, and (2) that counsel's deficient performance prejudiced the defense.  *Herrman*, ¶ 17.

¶23     As a threshold matter when considering ineffective assistance of counsel claims, we must determine whether a direct appeal or a post-conviction hearing is the more appropriate forum.  *State v. Kougl*, 2004 MT 243, ¶ 14, 323 Mont. 6, ¶ 14, 97 P.3d 1095, ¶ 14.  If we can discern from the record the reason counsel performed or failed to perform as alleged, we can properly address the claim on direct appeal.  If, in reviewing the record, we cannot discern the reason, the defendant must raise the claim in a petition for

6

post-conviction relief. *Kougl*, ¶ 14. The defendant can then develop a record explaining the reasons for counsel's action or inaction. *Lamere*, ¶ 9.

¶24 *A.    Did Racz receive ineffective assistance of counsel during voir dire?*

¶25 Racz claims that his trial counsel's improper questioning and failure to follow through on challenges forced Racz to use limited peremptory challenges on prospective jurors who should have been removed for cause. Racz offers as primary examples the questioning of prospective jurors 13 and 8. Defense counsel moved to strike prospective juror 13 from the panel after the prospective juror stated that Racz bore the burden of proving his innocence rather than that the State bore the burden of proving Racz's guilt. The District Court denied the challenge "based on [counsel's] one question[.]" Instead of asking the prospective juror follow-up questions, Racz's counsel said, "[o]kay. I'll just move on then." Defense counsel later used a peremptory challenge to remove prospective juror 13.

¶26 Racz's counsel also moved to strike prospective juror 8 from the panel after the prospective juror, a police chaplain, indicated that he might give more emphasis to law enforcement because he was familiar with their training. After further questioning by the State and defense, Racz's counsel withdrew the objection but then removed prospective juror 8 with a peremptory challenge. Racz argues that his trial counsel provided ineffective assistance by failing to further question prospective juror 13 and withdrawing the challenge for cause to juror 8.

¶27 As a threshold matter, we must determine whether direct appeal is the proper forum for this claim. *Kougl*, ¶ 14. Though lawyers state their reasons for challenging

7

prospective jurors during voir dire, "they do not state their reasons for *not challenging* a juror." *Herrman*, ¶ 28 (emphasis in original). The ineffective assistance of counsel claim at issue in *Herrman* originated when Herrman's lawyer failed to challenge potentially biased prospective jurors for cause. We determined that a lawyer's reasoning for not challenging a prospective juror was not record-based; rather, a lawyer's reasoning was a "matter of internal thought processes[.]" *Herrman*, ¶ 28. Moreover, a lawyer may have a multitude of reasons to decline to challenge a prospective juror. *Herrman*, ¶ 28. We concluded in *Herrman* that we should not "assume" the reasons for counsel's actions or inactions, but that they should be considered in a post-conviction proceeding. *Herrman*, ¶ 30.

¶28   If the record adequately details the reasons for counsel's actions, however, we will consider an ineffective assistance of counsel claim arising out of voir dire without the benefit of a post-conviction proceeding. *Lamere*, ¶ 10. For example, in *Lamere* one of the prospective jurors stated in a juror questionnaire that her daughter was a county attorney paralegal. The paralegal actively assisted the prosecutor during voir dire. *Lamere*, ¶ 3. Lamere's lawyer posed no questions to the mother about possible bias based on the relationship, and the mother was seated on the jury. *Lamere*, ¶¶ 3-5. When the lawyer subsequently realized the relationship, he moved to replace her and told the court, "I take full responsibility for it, and the defendant certainly now is on notice that his attorney made a mistake." *Lamere*, ¶ 6. We determined that the transcript provided an adequate record detailing the reasons for the lawyer's actions and thus proceeded to apply the *Strickland* analysis. *Lamere*, ¶ 10.

8

¶29 We conclude that Racz's case is more akin to *Herrman*. Although Racz's attorney's reasons for initially challenging prospective jurors 8 and 13 are part of the record, her reasons for asking no follow-up questions and withdrawing her challenge for cause are not. Similar to a lawyer's reasoning for not challenging a juror, a lawyer's rationale for not asking further questions is a "matter of internal thought processes[.]" *Herrman*, ¶ 28. Racz's ineffective assistance of counsel claims relating to voir dire are more appropriately addressed through a petition for post-conviction relief. Thus, this claim of ineffective assistance of counsel is dismissed without prejudice to its being raised in a post-conviction proceeding.

¶30 *B.     Did Racz receive ineffective assistance of counsel during jury instructions?*

¶31 Racz claims that his trial counsel provided ineffective assistance by requesting a jury instruction, which the District Court adopted, that Racz asserts lowered the State's burden of proof. Racz's counsel offered an instruction that stated that "[w]hen circumstantial evidence is susceptible to two interpretations, one which supports guilt and the other which supports innocence, you the jury must decide which is more reasonable." Racz's trial counsel argued that the District Court should include this instruction in light of our decision in *State v. Hill*, 2005 MT 216, 328 Mont. 253, 119 P.3d 1210, which overruled *State v. Ryan*, 229 Mont. 7, 744 P.2d 1242 (1987), the case on which the State based its proposed circumstantial evidence instruction.

¶32 Defense counsel's offered jury instruction accurately reflected our holding in *Hill* and correctly stated the law regarding circumstantial evidence. *Hill*, ¶ 17. We conclude that Racz has failed to establish that his counsel's request of this jury instruction

9

constituted deficient performance and, thus, we find no merit to this ineffective assistance of counsel claim. Further, we decline Racz's suggestion that we reconsider our holdings overruling *Ryan*.

¶33 **IV Did the prosecutor's closing argument constitute prosecutorial misconduct?**

¶34 Racz asserts that the prosecutor improperly vouched for Officer Iffland's credibility during closing arguments and that this constituted prosecutorial misconduct. Racz claims this misconduct deprived him of his right to a fair trial.

¶35 During the prosecutor's closing argument, the prosecutor referenced Officer Iffland's missing incident report and stated, "Officer Iffland has no reason to lie about whether he wrote a report or not. . . . He was honest throughout his testimony. He did not make a lie to make the case or himself look better; he simply told the truth." At no time during the closing argument did defense counsel object to the prosecutor's comments. Instead, Racz's counsel also commented on Officer Iffland's and Racz's credibility, stating "[y]ou heard [the prosecutor] say that Officer Iffland was honest with you, and I think he was. I think he made an honest mistake. But Mr. Racz was also honest with you and he was honest with the police officers."

¶36 An attorney invades the jury's province and engages in highly improper behavior when an attorney characterizes the defendant or witnesses as liars or offers personal opinions on a witness's credibility. *State v. Hanson*, 283 Mont. 316, 326, 940 P.2d 1166, 1172 (1997). To properly preserve an issue for appeal, however, the defendant must make a timely objection or it is considered waived. Section 46-20-104, MCA. Racz

10

failed to object to the prosecutor's comments and thus waived his objection. Having failed to object, Racz requests that we employ our discretionary plain error review and reverse on this issue. Our review of the closing arguments fails to persuade us that the prosecutor's comments resulted in a manifest miscarriage of justice, undermined the trial's fundamental fairness, or compromised the judicial process's integrity. *State v. Daniels*, 2003 MT 247, ¶ 20, 317 Mont. 331, ¶ 20, 77 P.3d 224, ¶ 20. We conclude Racz has failed to preserve this argument for appeal and we decline to exercise our discretionary plain error review.

¶37 **V** **Does the cumulative error doctrine entitle Racz to a new trial?**

¶38 Racz asserts that numerous errors coupled with the State's weak case, based almost entirely on circumstantial evidence, cumulatively impacted the jury and deprived him of his right to a fair trial. Racz argues that the loss of potentially exculpatory evidence, his counsel's failure to thoroughly question during voir dire, and the burden-shifting jury instruction offered by his counsel are cumulative errors that necessitate reversal.

¶39 The cumulative errors doctrine requires reversal if numerous errors, considered together, prejudiced the defendant's right to a fair trial. *State v. Novak*, 2005 MT 294, ¶ 35, 329 Mont. 309, ¶ 35, 124 P.3d 182, ¶ 35. The defendant, however, must prove that prejudice exists; mere allegations of error fail to satisfy the doctrine. *Novak*, ¶ 35.

¶40 We refuse to apply the cumulative error doctrine to Racz's claims. The alleged errors were considered separately above and determined to be either without merit or

11

more appropriate for a post-conviction proceeding. The cumulative error doctrine is inappropriate in this case.

¶41 Affirmed.

/S/ W. WILLIAM LEAPHART

We concur:

/S/ KARLA M. GRAY
/S/ JOHN WARNER
/S/ JIM RICE
/S/ BRIAN MORRIS