

DA 07-0175

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2008 MT 6N

TRAVIS A. McLEES,

> Petitioner and Appellant,

v.

STATE OF MONTANA,

> Respondent and Appellee.

APPEAL FROM:      District Court of the Eighteenth Judicial District,
In and For the County of Gallatin, Cause No. DV 03-372
Honorable Holly Brown, Presiding Judge

COUNSEL OF RECORD:

> For Appellant:
>
> > Jim Wheelis, Chief Appellate Defender; Joslyn M. Hunt,
> > Assistant Appellate Defender, Helena, Montana
>
> For Appellee:
>
> > Honorable Mike McGrath, Attorney General; Sheri K. Sprigg,
> > Assistant Attorney General, Helena, Montana
> >
> > Marty Lambert, County Attorney, Bozeman, Montana

Submitted on Briefs:   December 12, 2007

Decided:   January 8, 2008

Filed:

_____
Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1   Pursuant to Section I, Paragraph 3(d), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2   Travis McLees (McLees) appeals from the District Court's denial of his amended petition for post-conviction relief alleging ineffective assistance of counsel in the Eighteenth Judicial District, Gallatin County. We affirm.

¶3   On December 6, 2001, the Gallatin County Attorney's Office (State) charged McLees with seven felony counts: aggravated burglary (later amended to burglary), aggravated kidnapping, sexual assault, criminal endangerment, aggravated burglary, assault with a weapon, and attempted burglary. McLees eventually pled guilty to six of the charges, and the District Court convicted him of the seventh charge following a bench trial.

¶4   The State asked that the District Court impose consecutive sentences on McLees and sentence him to a 320-year prison sentence. Defense counsel urged the District Court to adopt the recommendation from the Pre-Sentence Investigation report (PSI report): a sixty-year sentence, with ten years suspended. The PSI report detailed McLees's extensive criminal history, including ten traffic convictions and several felony convictions. The PSI report further noted that the sentence and judgment relating to the

felonies were vacated following our decision in *State v. McLees*, 2000 MT 6, 298 Mont. 15, 994 P.2d 683. At sentencing, defense counsel informed the District Court that it was sentencing McLees for crimes that were his first felony convictions. Before pronouncing sentence, the District Court stated:

> The Court finds before it a 25-year-old man who has pled guilty—or been found guilty of seven separate felony offenses involving serious crimes. He has a significant pre-existing record. And for the crimes that have been committed in this particular matter, the Court finds that Mr. McLees is a danger to society and he deserves an extended sentence at the Montana State Prison to punish him for his offenses and to protect society.

The District Court imposed concurrent sentences on McLees for a total of sixty years at Montana State Prison, with a ten-year enhancement for use of a weapon.

¶5 In a petition for post-conviction relief, McLees challenged the weapons enhancement and asserted an ineffective assistance of counsel claim. McLees claimed that his counsel provided ineffective assistance when counsel failed to reiterate to the court or mention in his sentence recommendation that the court was sentencing McLees for his first felony. The District Court granted McLees's petition regarding the weapons enhancement and denied his petition on the ineffective assistance of counsel claim. The District Court determined that McLees's ineffective assistance claim was record-based, and thus, his claim was procedurally barred from a post-conviction proceeding. The District Court further concluded that, even if a post-conviction proceeding were appropriate, McLees had failed to establish his counsel's ineffective assistance under the test set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1984).

¶6 We review a district court's denial of a petition for post-conviction relief to determine whether its findings of fact are clearly erroneous and its conclusions of law are correct. The party seeking to reverse a denial of post-conviction relief bears a heavy burden. *Garrett v. State*, 2005 MT 197, ¶ 10, 328 Mont. 165, ¶ 10, 119 P.3d 55, ¶ 10. Ineffective assistance of counsel claims constitute mixed questions of law and fact that we review de novo. *State v. Racz*, 2007 MT 244, ¶ 13, 339 Mont. 218, ¶ 13, 168 P.3d 685, ¶ 13. To establish ineffective assistance of counsel, a defendant must satisfy the two-pronged *Strickland* test: (1) the defendant must prove that counsel's performance was deficient, and (2) the defendant must prove that counsel's deficient performance prejudiced the defense. *Racz*, ¶ 22.

¶7 Section 46-21-105, MCA, provides that a petitioner may not seek post-conviction relief on grounds "that were or could reasonably have been raised on direct appeal." We will address a claim on direct appeal if we can discern from the record the reasons that counsel performed or failed to perform as alleged. *Racz*, ¶ 23. If we cannot discern counsel's reasons, then the petitioner must raise the claim in a post-conviction proceeding. *Racz*, ¶ 23.

¶8 The District Court determined that the record contained all the evidence relating to the ineffective assistance claim and that no reference to non-record materials was required; thus, the District Court ruled that McLees was procedurally barred from raising his ineffective assistance of counsel claim. On appeal, McLees argues that his claim is not record-based simply because his counsel "is on record as having said that it was McLees' first felony and just because the judge is on record as having referenced

4

McLees' significant pre-existing record." McLees argues that his claim is appropriate for a post-conviction proceeding because:

> We still do not know why [defense counsel] failed to clarify for the judge, at the time the judge referenced that McLees had a significant pre-existing record, the fact that it was, *again*, McLees' first felony, and some of the other offenses included careless driving and speeding. We also still do not know why [defense counsel] failed to *reiterate* this fact when making his sentencing recommendations.

(Emphasis added.)

¶9      We agree with McLees that a post-conviction proceeding generally is appropriate when the record fails to reveal counsel's reasons for a particular action or inaction. A post-conviction proceeding likely would be appropriate in this case if McLees's trial counsel had failed to inform the District Court that it was sentencing McLees for his first felony. In this case, however, the District Court had every reason to know that it was sentencing McLees for his first felony: defense counsel informed the District Court that McLees was being sentenced for his first felony, and the PSI report also indicated that McLees was being sentenced for his first felony. In essence, McLees does not argue that his attorney was ineffective for failing to inform the District Court that this was his first felony, but that his attorney was ineffective for failing to do it again. McLees argues that the record fails to illuminate the reasons that his attorney neglected to clarify or reiterate McLees's felony conviction status. We disagree. A plain, record-based answer exists to the question of why counsel did not further edify the District Court: McLees's trial counsel had just notified the District Court that it was sentencing McLees for his first felony mere minutes before the District Court imposed sentence. No requirement exists

5

that counsel continuously repeat his or her point to a court; on the contrary, unless waived, "[a] point once saved is saved for all purposes." *State v. District Court*, 76 Mont. 222, 236, 246 P. 250, 255 (1926).

¶10 McLees also repeatedly mentions the District Court's reference to his "significant pre-existing record" as an event that should have triggered his counsel's immediate admonition to the court that this was his first felony. McLees does possess a significant pre-existing record, and we reject McLees's inference that his prior convictions do not amount to a "significant pre-existing record" simply because they are not felony convictions. We further note the District Court's clear statement that McLees's crimes "in this particular matter" warranted an extended sentence, not his prior convictions.

¶11 We conclude that McLees's ineffective assistance of counsel claim is record-based and that his petition for post-conviction relief was procedurally barred by § 46-21-105(2), MCA. Moreover, to the extent that McLees could raise an ineffective assistance claim on direct appeal, our review of the record indicates that McLees fails to meet the first prong of the *Strickland* test; as discussed above, his counsel's performance was not deficient.

¶12 It is appropriate to decide this case pursuant to our Order of February 11, 2003, amending Section 1.3 of our 1996 Internal Operating Rules and providing for memorandum opinions. It is manifest on the face of the briefs and the record before us that the appeal is without merit because the findings of fact are supported by substantial evidence, the legal issues are clearly controlled by settled Montana law which the District Court correctly interpreted, and there was clearly no abuse of discretion by the District Court.

¶13    We affirm.


                                            /S/ W. WILLIAM LEAPHART


We concur:

/S/ PATRICIA COTTER
/S/ JOHN WARNER
/S/ JIM RICE
/S/ BRIAN MORRIS