

DA 08-0401

IN THE SUPREME COURT OF THE STATE OF MONTANA

2009 MT 233N

STATE OF MONTANA,

        Plaintiff and Appellee,

v.

RENEE NICHOLE TEETER,

        Defendant and Appellant.

APPEAL FROM:    District Court of the Eighth Judicial District,
In and For the County of Cascade, Cause No. CDC 98-020
Honorable Kenneth R. Neill, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

            Jim Wheelis, Chief Appellate Defender, Helena, Montana

        For Appellee:

            Hon. Steve Bullock, Montana Attorney General, Micheal S. Wellenstein,
Assistant Attorney General, Helena, Montana

            John Parker, Cascade County Attorney, Joel Thompson, Deputy County
Attorney, Great Falls, Montana

Submitted on Briefs:  June 17, 2009

Decided:  July 14, 2009

Filed:

_____
Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent.  It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      Renee Nichole Teeter (Teeter) appeals from a decision of the Eight Judicial District Court revoking her suspended sentence for a conviction of sexual assault.  We affirm.

¶3      On October 21, 1998, Teeter was convicted of felony sexual assault based on a voluntary plea agreement with the State.  Teeter had initially been charged with two counts of sexual assault based on alleged sexual contact she had with a minor female.  In exchange for pleading guilty to one count of sexual assault, the State agreed to dismiss the second charge.  Teeter was given a 20-year prison sentence, with 10 years suspended, and was committed to the Montana Department of Public Health and Human Services (DPHHS).  Teeter was classified as a high-risk Level 3 sex offender.  Teeter was required to undergo a sexual offender evaluation and attend sex offender treatment as conditions of her suspended sentence.

¶4      On June 10, 2003, Teeter was paroled to the Intensive Supervision Program in Billings.  On September 10, 2003, Teeter's parole was revoked for being terminated from

2

her sex offender treatment and she was returned to prison. On January 31, 2008, Teeter was discharged from prison and began serving her 10-year suspended sentence.

¶5    On March 11, 2008, the State filed a petition to revoke Teeter's suspended sentence for failure to regularly attend sex offender treatment. Teeter had met with Mike Sullivan (Sullivan), the director of South Central Treatment Associates, to discuss participating in their sex offender treatment program. According to the report violation, Teeter told Sullivan that she did not need sex offender treatment because she was innocent and planned to appeal her case. In a letter sent to Teeter's probation and parole officer Laura McKee (Officer McKee), Sullivan explained that he could not treat Teeter based on her denials, her dishonesty, and her personality disorder issues. Teeter was subsequently refused admission into two other sex offender treatment programs. One program, Northwest Counseling, could not accept Teeter because she denied her offense and because it believed it was not equipped to handle a Level 3 sex offender, like Teeter, with serious mental health issues. Similarly, Marla North, another sex offender treatment provider, was also unable to provide treatment to Teeter since she was a Level 3 offender and had denied she was guilty of a sexual offense.

¶6    On July 22, 2008, the District Court held a revocation hearing. At the hearing, the District Court received testimony from Officer McKee concerning the reasons for Teeter's rejection from the sex offender treatment programs. Officer McKee also testified that community-based treatment would only be appropriate for Teeter if she was able to behave appropriately, exhibit healthy sexual choices and behaviors, and take responsibility for her actions—all of which she was currently unable to do. As an

3

example of Teeter's inappropriate behavior, Officer McKee related that within five days of being released from incarceration Teeter had picked up two homeless men and had unprotected sex with them in an effort to get pregnant. Officer McKee noted that such behavior would have likely resulted in Teeter's discharge from a sex offender treatment program if she had been enrolled in one at the time.

¶7 Teeter herself also testified at the revocation hearing. Teeter admitted to having sex with a homeless man, and admitted that she had told Sullivan she was innocent of sexual assault. However, she claimed that the reason she had told Sullivan she was innocent was because she was confused at the time. Teeter admitted that she had not been accepted into any sex offender treatment programs, but claimed she was willing to do anything to get into treatment. At the hearing, she also acknowledged that she had in fact committed the sexual assault for which she had been previously convicted.

¶8 The District Court found by a preponderance of the evidence that Teeter had violated her probation. The District Court then proceeded to the dispositional portion of the hearing. The District Court heard again from Officer McKee. Officer McKee testified that Teeter was a Level 3 sex offender, at a high risk to reoffend and therefore unsuitable for release into the community. Officer McKee recommended that Teeter be sent back to prison, and noted that it was up to DPHHS to determine where to place Teeter. Teeter herself testified as well. Teeter stated that she wished to be transferred to Ohio in order to avail herself of better counseling and treatment options there and to be closer to her family.

¶9 Based on the evidence before it—including the fact that Teeter had been convicted of sexually assaulting a minor female, had been designated a Level 3 sex offender, and was previously terminated from sex offender treatment—the District Court concluded that Teeter was a serious sex offender and a danger to the community. Accordingly, the District Court revoked Teeter's 10-year suspended sentence in accordance with the recommendation of the State, and committed her to DPHHS for 10 years.

¶10 Teeter now appeals from the revocation of her suspended sentence. Teeter first asserts that she was not accepted into any sexual offender programs because none were available for women of her sex offender status who denied their guilt. Teeter claims that she is unable to participate in a required program because Montana does not provide sufficient sex offender treatment programs for women. Accordingly, Teeter asserts that her inability to receive appropriate sex offender treatment is due to her gender, and thus constitutes a violation of her rights to equal protection and due process under state and federal law.

¶11 Teeter admits that she raises these arguments for the first time on appeal and did not present them to the District Court. The general rule in Montana is that arguments raised for the first time on appeal will not be considered by this Court. *State v. Racz*, 2007 MT 244, ¶ 16, 339 Mont. 218, 168 P.3d 685. However, Teeter argues that we should review her arguments under plain error review. Under plain error review, this Court has the discretion to review claimed errors that implicate a criminal defendant's fundamental constitutional rights, even in the absence of a contemporaneous objection, where failing to review the claimed error may result in a manifest miscarriage of justice,

leave unsettled the question of the fundamental fairness of the trial or proceedings, or compromise the integrity of the judicial process. *State v. Cotterell*, 2008 MT 409, ¶ 44, 347 Mont. 231, 198 P.3d 254. This Court exercises plain error review "sparingly" on a case-by-case basis. *Cotterell*, ¶ 44.

¶12 We decline to review these claims under plain error. We do not deny the possibility that a lack of sex offender treatment programs based solely on an offender's gender could theoretically amount to a violation of an offender's constitutional rights. However, Teeter has failed to adequately support her argument and demonstrate that a review of her claimed equal protection and due process violations may result in a manifest miscarriage of justice, leave unsettled the question of the fundamental fairness of the trial or proceedings, or compromise the integrity of the judicial process. Accordingly, we decline to review her equal protection and due process challenges to the revocation of her suspended sentence for the first time on appeal.

¶13 Second, Teeter claims that the District Court erred in revoking her suspended sentence because the court had insufficient evidence before it on sentencing alternatives which might be available for her. Because she admitted during the revocation hearing that she was guilty of the sexual assault, Teeter argues that the record is now unclear as to whether she would be able to participate in other treatment programs. Essentially, Teeter appears to argue that her status as a "denier" for purposes of sex offender treatment is now in question, due to her testimony during the revocation hearing.

¶14 We review a district court's decision to revoke a deferred or suspended sentence for an abuse of discretion. *State v. Striplin*, 2009 MT 76, ¶ 15, 349 Mont. 466, 204 P.3d

6

687. A single violation of the terms and conditions of a suspended sentence is sufficient to support a district court's decision to revoke a such a sentence. *Striplin*, ¶ 15. Here, Teeter failed to attended sex offender treatment as required as a condition of her suspended sentence. Thus, the District Court did not abuse its discretion when it revoked Teeter's sentence.

¶15    We have determined to decide this case pursuant to Section 1, Paragraph 3(d)(v) of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions. It is manifest on the record before us that the District Court did not err in revoking Teeter's suspended sentence. Affirmed.


/S/ PATRICIA COTTER


We concur:

/S/ MIKE McGRATH
/S/ JAMES C. NELSON
/S/ W. WILLIAM LEAPHART
/S/ JIM RICE