**FILED**

February 9 2010

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

DA 09-0359

IN THE SUPREME COURT OF THE STATE OF MONTANA

2010 MT 33N

STATE OF MONTANA,

Plaintiff and Appellee,

v.

TINA MARIE PALAGI,

Defendant and Appellant.

APPEAL FROM: District Court of the Eighth Judicial District,
In and For the County of Cascade, Cause Nos. DDC-07-263 and DDC-08-288
Honorable Dirk M. Sandefur, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Robin A. Meguire, Attorney at Law, Great Falls, Montana

For Appellee:

Hon. Steve Bullock, Montana Attorney General; Tammy K. Plubell,
Assistant Attorney General; Helena, Montana

John Parker, Cascade County Attorney, Great Falls, Montana

Submitted on Briefs: January 27, 2010

Decided: February 9, 2010

Filed:

_____
Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2006, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Tina Marie Palagi (Palagi) appeals from judgments and orders entered by the Eighth Judicial District Court, Cascade County, in two separate cause numbers. The District Court revoked Palagi's suspended sentence for felony forgery and sentenced her to serve eight years in prison. The court also revoked Palagi's suspended sentence for felony elder exploitation and resentenced her to the Department of Corrections (DOC) for two years. We affirm.

¶3 The issue on appeal is whether the District Court denied Palagi due process when it revoked her suspended sentences, denied her request for a continuance of the dispositional stage of the hearing, and resentenced her without eligibility for parole.

¶4 The State charged Palagi with felony forgery on June 5, 2007. The District Court sentenced Palagi to a two-year deferred DOC commitment. On October 16, 2008, the State filed a petition to revoke Palagi's deferred sentence because she had violated her probation, and because she had been charged with felony elder exploitation. The court revoked Palagi's two-year deferred sentence and imposed a two-year suspended commitment to the DOC.

2

Additionally, the District Court sentenced Palagi to an eight-year suspended prison sentence for felony elder exploitation.

¶5     On March 11, 2009, the State filed a petition for revocation of Palagi's suspended sentences because she had violated her probation. The State also charged her with eight new felony offenses, including deceptive practices, elder exploitation, forgery, and theft.

¶6     The District Court held an evidentiary hearing in April 2009. The court determined that Palagi had violated numerous conditions of her suspended sentences for felony forgery and felony elder exploitation. When the District Court proceeded directly to disposition, Palagi's attorney requested a continuance because he had scheduled a psychological assessment for Palagi later that month. Palagi's attorney planned to use information from the assessment during the dispositional hearing.

¶7     The District Court denied the continuance and stated that "I told her, very clearly, at the last sentencing hearing . . . that this was the end of the line and this was the last opportunity that she was going to receive from this Court." The court subsequently revoked Palagi's two-year suspended DOC commitment for felony forgery and sentenced her to the DOC for two years. The court also revoked Palagi's eight-year suspended sentence for felony elder exploitation and sentenced her to serve eight years in prison. Palagi now appeals.

¶8     This Court reviews a district court's decision to revoke a suspended sentence to determine whether the court abused its discretion. *State v. Striplin*, 2009 MT 76, ¶ 15, 349 Mont. 466, 204 P.3d 687. Our review of whether a court violated a probationer's

constitutional right of due process is plenary. *See e.g. State v. Triplett*, 2008 MT 360, ¶ 13, 346 Mont. 383, 195 P.3d 819 (citing *State v. Finley*, 2003 MT 239, ¶ 10, 317 Mont. 268, 77 P.3d 193).

¶9 Palagi argues on appeal that she was denied due process because the District Court deprived Palagi of her right to a "fundamentally fair revocation hearing" when it refused to grant her counsel's motion for a continuance of the hearing so that Palagi could receive a psychological evaluation. She also maintains that the District Court deprived her of due process when it "refused to consider any psychological mitigation evidence" prior to sentencing.

¶10 The record contains ample evidence that Palagi knew about the conditions imposed upon her probation and suspended sentences. After Palagi had violated her probation and the District Court had imposed suspended sentences, the court warned her that she would be going to prison if she violated her suspended sentences. Palagi was also on notice that the dispositional hearing would immediately follow the evidentiary hearing. We therefore conclude that the District Court did not deny Palagi due process. We also conclude that the District Court did not abuse its discretion when it revoked Palagi's suspended sentences.

¶11 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2006, which provides for memorandum opinions. It is manifest on the face of the briefs and the record before us that the appeal is without merit. The legal issues are clearly controlled by settled Montana law, which the District Court correctly interpreted.

4

¶12    Affirmed.


/S/ MICHAEL E WHEAT


We Concur:

/S/ JAMES C. NELSON
/S/ W. WILLIAM LEAPHART
/S/ PATRICIA O. COTTER
/S/ BRIAN MORRIS