

FILED

08/03/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 18-0667

DA 18-0667

# IN THE SUPREME COURT OF THE STATE OF MONTANA

2021 MT 195N

STATE OF MONTANA,

Plaintiff and Appellee,

v.

NATASHA LOPEZ,

Defendant and Appellant.

FILED

AUG 03 2021

Bowen Greenwood
Clerk of Supreme Court
State of Montana

APPEAL FROM: District Court of the Eighteenth Judicial District,
In and For the County of Gallatin, Cause No. DC-17-393B
Honorable Rienne H. McElyea, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Chad Wright, Appellate Defender, Lisa S. Korchinski, Assistant Appellate
Defender, Helena, Montana

For Appellee:

Austin Knudsen, Montana Attorney General, C. Mark Fowler, Assistant
Attorney General, Helena, Montana

Marty Lambert, Gallatin County Attorney, Erin Murphy, Deputy County
Attorney, Bozeman, Montana

Submitted on Briefs: June 9, 2021

Decided: August 3, 2021

Filed:

_____
Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Natasha Lopez appeals her conviction in the Eighteenth Judicial District Court for negligent homicide stemming from a motor vehicle accident. Lopez argues that her trial counsel provided ineffective assistance when she failed to object to the State's request for a jury view of the vehicle involved in the accident. We affirm.

¶3 On May 21, 2017, Lopez was driving southbound on Story Mill Road in Gallatin County. Lopez's vehicle struck an embankment, rolling over and causing her passenger, Stefan St. Armand, severe injuries. Motorists who stopped to help found Lopez standing outside her vehicle, distraught but uninjured and with no blood on her. These witnesses saw St. Armand in the driver's seat, but in a crooked position with his right leg in the front passenger's seat compartment; witnesses also saw Lopez attempt to pull St. Armand out of the vehicle. St. Armand was unresponsive at the time and died from his injuries a few hours later. Lopez was charged as the vehicle's driver with Negligent Homicide, in violation of § 45-5-104, MCA.

¶4 Lopez elected for a jury trial. Before trial, the State moved for the jury to view the wrecked vehicle in person, which motion the District Court granted. Lopez's counsel did

2

not object to this motion. Lopez's main defense at trial was that she was not driving the vehicle and had exited the wreck through the passenger-side window before anyone arrived. The State countered this argument with photographs showing the wreck and the passenger-side window, which the State claimed was too small for Lopez to exit. Trial testimony also indicated that despite his position in the driver's side seat of the wreck, St. Armand's injuries were consistent with the damage found in the front passenger side of the vehicle. Additionally, while the driver's side seatbelt had stress marks on it consistent with being worn during an accident, the front passenger-side seatbelt had indications it had not been worn during the accident. The jury found Lopez guilty, and the District Court sentenced her to twenty years' imprisonment with ten years suspended.

¶5    Ineffective assistance of counsel claims are mixed questions of law and fact that this Court reviews de novo. *State v. Kougl*, 2004 MT 243, ¶ 12, 323 Mont. 6, 97 P.3d 1095 (citations omitted). A defendant's right to effective assistance of counsel is guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and Article II, § 24, of the Montana Constitution. *Kougl*, ¶ 11. A defendant claiming ineffective assistance of counsel must establish: "(1) that counsel's performance was deficient, and (2) that counsel's deficient performance prejudiced the defense." *Whitlow v. State*, 2008 MT 140, ¶ 10, 343 Mont. 90, 183 P.3d 861 (citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); *State v. Racz*, 2007 MT 244, ¶ 22, 339 Mont. 218, 168 P.3d 685). Regarding the first factor, we "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional

3

assistance, and the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *State v. Denny*, 2021 MT 104, ¶ 37, 404 Mont. 116, 485 P.3d 1227 (quoting *Whitlow*, ¶ 15) (internal quotation marks omitted). We will address ineffective assistance of counsel claims on direct appeal only if the reason for counsel's action or inaction is apparent from the record on appeal; if the reasons are not apparent, the claim is more suited for a petition for post-conviction relief. *Denny*, ¶ 37 (citations omitted).

¶6     Lopez argues that at trial enough pictures of the damaged vehicle were introduced as exhibits that allowing the jury to view the actual vehicle was cumulative and prejudicial, and there is no plausible justification for counsel's failure to challenge the State's motion. The State counters that there is a clear record-based reason why Lopez's counsel did not object to the in-person viewing: viewing the car could lend support to the defense's trial theory that Lopez exited the vehicle through the left passenger's side window, a sound trial strategy. We agree.

¶7     The State filed an unopposed motion for jury viewing a week before trial. At the pre-trial status hearing, the State made clear that defense counsel could inspect the vehicle after it was transported to the District Court building's sally port but before it was shown to the jury. The District Court further requested, and the parties agreed, to take a photograph of the vehicle in the sally port to be admitted as evidence of how the vehicle looked at trial. At trial, before the jury was empaneled, the parties confirmed that they had

4

inspected the vehicle and presented the District Court with the agreed-upon picture, admitted as Court's Exhibit 1.

¶8    During opening statements, Lopez's counsel told the jury that the evidence would show that Lopez was in the front passenger's seat at the time of the accident and pulled herself either out the passenger's side window or the sunroof in order to exit the vehicle after the crash. Defense counsel said the evidence would show that after pulling herself out of the vehicle, Lopez unsuccessfully attempted to pull St. Armand out through the driver's side door. Defense counsel repeated these arguments in her closing. Both parties emphasized that there was little forensic or expert testimony available; the jury's verdict necessarily rested largely on its interpretation of where Lopez was sitting by comparing the injuries Lopez and St. Armand received to the damage on the vehicle.

¶9    Both parties introduced into evidence numerous pictures of the vehicle, both at the scene of the accident and at its eventual impound location. The pictures show a gold-colored early-model sedan that came to a stop in an upright position, likely after flipping over at least once. The front passenger's side is significantly crumpled, with a twisted and broken-open windshield and heavily concaved roof. The passenger-side window appears to be rolled down and unbroken; a photograph shows that about a foot of space remains from the bottom of the open passenger's window to the top of the crumpled roof. The vehicle's sunroof is open but warped near the passenger's side. The vehicle's driver's side, on the other hand, is largely undamaged, with photographs showing that the

5

driver's door was able to open and little to no damage to the driver's side windshield or sunroof.

¶10 Both parties also offered pictures of Lopez's and St. Armand's injuries. Lopez's injuries were relatively minor: a few scrapes, a few bruises, and red rash-marks on both of her shoulders. Both parties emphasized these rashes as evidence that Lopez was wearing a seatbelt on either the driver's or the passenger's side seat. St. Armand, however, had extensive injuries that ultimately resulted in his death. These included head abrasions, which the State linked to the opening in the passenger's side windshield, and extensive injuries to his right torso, which the State linked to the more extensive damage on the passenger's side of the vehicle. Defense counsel argued these injuries were the result of St. Armand hitting the steering wheel.

¶11 The facts demonstrate both an apparent reason for defense counsel not objecting to the in-person viewing and that counsel's actions were sound trial strategy. The State needed to prove Lopez was driving the vehicle to secure a conviction. A key component of the defense's counter to this element was to establish that Lopez exited the passenger compartment through the broken side-window and then attempted to pull St. Armand out of the driver's side of the vehicle. The numerous photographs entered into evidence, particularly of the passenger's-side window, offered only a two-dimensional view of Lopez's alleged egress point. Defense counsel's argument reasonably could be bolstered by allowing the jury to view the window (and sunroof) in three dimensions, after jurors had seen Lopez in person, potentially allowing them to better understand how she could

have escaped the wreckage. Defense counsel's argument reveals her reasoning and falls squarely within the wide range of sound trial strategy permitted under the *Strickland* test's first prong. *See Denny,* ¶ 37; *Strickland,* 466 U.S. at 687, 104 S. Ct. at 2064. We conclude that defense counsel's failure to object to the in-person viewing was not deficient performance under *Strickland.*

¶12 The on-scene photographs also demonstrate that Lopez was not unfairly prejudiced by any in-person viewing. Over two dozen photographs were admitted, showing the vehicle from multiple angles. As noted, they show a vehicle with severe damage to its passenger's side, and a relatively undamaged driver's side. The photographs are detailed and were admitted without objection. The nature of the damage is so extensive and so one-sided that it would be wild speculation to conclude that Lopez would be uninjured had she been in the passenger's seat. We have no trouble concluding that a reasonable jury would find from the pictures alone that the only way St. Armand could have sustained his injuries was if he was sitting in the front passenger seat. Thus, irrespective of defense counsel's strategy, there is not a reasonable probability that, but for her failure to object to the jury view, the result of the proceeding would have been different. *See Kougl,* ¶ 25 (citation omitted).

¶13 On appeal, Lopez also argues that the vehicle could have been further damaged or otherwise have had its condition altered when it was transported from impound to the District Court's sally port. Both defense counsel's and the State's trial arguments, however, relied on their own respective interpretations of the vehicle's on-scene damage.

7

Both parties viewed the vehicle in the sally port, and neither mentioned any change in condition to the District Court. Lopez does not point to any specific differences on appeal. And although this Court cannot view the vehicle in person, the Court's Exhibit 1—a photo chosen by defense counsel of the vehicle in the sally port—shows damage indistinguishable from that seen in the on-scene photographs. Without any evidence in the record that the vehicle suffered damage in transport, Lopez's argument fails.

¶14 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. This appeal presents no constitutional issues, no issues of first impression, and does not establish new precedent or modify existing precedent. For the foregoing reasons, Lopez did not receive ineffective assistance of counsel when her trial counsel failed to object to an in-person jury viewing of the vehicle. The judgment is affirmed.

_____
Justice

We Concur:

_____

_____

_____

_____
Justices

8