

DA 07-0083

IN THE SUPREME COURT OF THE STATE OF MONTANA

2008 MT 233

STATE OF MONTANA,

        Plaintiff and Appellee,

    v.

JOSE MARTINEZ, JR.,

        Defendant and Appellant.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DC 2003-314
Honorable Gregory R. Todd, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

            Jim Wheelis, Chief Appellate Defender, David Avery, Assistant Appellate
Defender, Helena, Montana

        For Appellee:

            Hon. Mike McGrath, Montana Attorney General, John Paulson, Assistant
Attorney General, Helena, Montana

            Dennis Paxinos, Yellowstone County Attorney, Mark Murphy, Deputy
County Attorney, Billings, Montana

Submitted on Briefs:  April 30, 2008

Decided:  July 2, 2008

Filed:

_____
Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1 Jose Martinez, Jr. (Martinez) appeals the revocation of his suspended sentence in the Thirteenth Judicial District, Yellowstone County. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

¶2 On or about April 4, 2003, Martinez led police officers on a high-speed chase through Yellowstone County. Martinez was subsequently arrested and on September 13, 2003, pled guilty to one count of criminal endangerment, a felony in violation of § 45-5-207, MCA (2001). On March 8, 2005, Martinez was given a seven year suspended sentence, subject to twenty-five conditions, and assigned to the standard rules and regulations of the Adult Probation and Parole Bureau of the Department of Corrections.

¶3 Of the standard conditions imposed upon Martinez, only the following are relevant to the current appeal: Condition No. 1, which required Martinez to notify his probation/parole officer if he changed his residence; Condition No. 2, which prohibited Martinez from traveling outside of Yellowstone, Carbon, Stillwater, Big Horn, Golden Valley, and Musselshell counties without obtaining written permission from his probation/parole officer; Condition No. 4, which required Martinez to personally report to his probation/parole officer as directed and submit monthly written reports; Condition No. 6, which required Martinez to obtain permission from his probation/parole officer before financing or purchasing a vehicle, property, or engaging in a business; Condition No. 8, which required Martinez to comply with all city, county, state, and federal laws, conduct himself as a good citizen, and report any arrests or contacts with law

enforcement within 72 hours of their occurrence; and Condition No. 10, which required Martinez to pay supervision fees under § 46-23-1031, MCA.

¶4 Martinez violated the terms of his probation on numerous occasions. On May 11, 2005, probation officer Paul Wild (Wild) conducted a home visit to Martinez' residence, and was informed he had moved. On May 13, 2005, Martinez reported to Wild that he had moved to a new address, although he had failed to obtain prior permission to do so.

¶5 On July 29, 2005, Martinez reported to his supervising officer that he had received a ticket for driving without a license and having no insurance. He was advised that a second offense would result in an intervention hearing. Additionally, between August and November of 2005, Martinez failed to report to his probation officer or submit written reports as required under Condition No. 4. On February 28, 2006, Martinez reported to his probation officer that he had received a second citation for driving without a license on February 17, 2006.

¶6 On March 3, 2006, an intervention hearing was held based on his traffic citations, per § 46-23-1015, MCA. Under this statute, a probation officer "who reasonably believes that a probationer has violated a probation condition, may initiate an informal probation violation intervention hearing to gain the probationer's compliance with the conditions of probation without a formal revocation hearing under 46-18-203." Section 46-23-1015(1), MCA. If a hearings officer determines by a preponderance of the evidence that the probationer has violated the conditions of his probation, he or she may order appropriate sanctions, including requiring the probationer to serve up to thirty days in jail. Section 46-23-1015(2) and (3), MCA. After Martinez' hearing, an administrative

hearings officer ordered a total of six sanctions for Martinez based on the violation of his probation conditions.

¶7    On March 23, 2006, Martinez' probation officer Lisa Hjelmstad (Hjelmstad) received a report that Martinez was violating the terms of a travel permit issued to him. On April 25, 2006, Martinez acknowledged to Hjelmstand that he had done so, thus violating the terms of Condition No. 2. In February, April, and May of 2006, Martinez failed to report or submit reports to his probation officer as required under Condition No. 4. In May 2006, Hjelmstad learned that Martinez had purchased a vehicle without receiving prior permission from his probation officer, in violation of Condition No. 6. Additionally, between November 2005 and June 2006, Martinez failed to pay his monthly rent and utilities. On March 30 and April 7, 2006, Hjelmstad received a report that Martinez was continuing to drive without a license. On May 4, 2006, Martinez was arrested for driving without a license and jailed for three days. On May 9, 2006, a second intervention hearing was held. At the conclusion of this hearing, an administrative hearings officer imposed a total of five sanctions on Martinez.

¶8    On May 19, 2006, Martinez was searched during an arrest and was found to be carrying a concealed switchblade knife on his person, in violation of Condition No. 5. On June 5, 2006, Hjelmstad received a report that Martinez had recently been observed driving a car. On June 6, 2006, Martinez was confronted with these allegations and admitted to Hjelmstad that the vehicle he had been driving was taken from its owner without permission. At that time, he was jailed again for three days.

¶9 On June 9, 2006, a third intervention hearing was held concerning Martinez' violations of Conditions 5, 8, and 10, based upon his various driving offenses after the second intervention hearing, his possession of a concealed weapon, his failure to pay rent, and his failure to pay supervision and court fees. At the conclusion of that hearing, an administrative hearings officer imposed a total of seven sanctions on Martinez, including a thirty day jail sanction.

¶10 On August 2, 2006, Martinez was released from federal prison and sentenced to thirty-four months of supervised release by federal authorities, for a federal conviction of unlawful possession of a firearm. On August 7, 2006, Martinez reported to Hjelmstad that he was living at the Montana Rescue Mission (Mission). On August 9, 2006, Hjelmstad was notified by Martinez' federal probation officer that Martinez was not in fact staying at that location. On August 10, 2006, Martinez reported again to Hjelmstad that he was staying at the Mission. That same day, Hjelmstad received a report that Martinez was simply checking into the Mission every night and then leaving. Hjelmstad confirmed this with the staff at the Mission, and then confronted Martinez about this allegation on August 15, 2006. Martinez admitted that he had not been staying at the Mission, but was instead staying at another person's home. According to Hjelmstad, Martinez acknowledged that he had been dishonest in concealing this information.

¶11 On August 25, 2006, Hjelmstad filed a report violation with the District Court describing Martinez' multiple violations and the three interventions. In the report, Hjelmstad recommended Martinez be brought before the District Court and have his suspended sentence revoked due to his multiple violations. On August 28, 2006, the

State filed a petition with the District Court to revoke Martinez' suspended sentence. A hearing was held by the District Court on February 5, 2007. Prior to the hearing, Martinez had filed a motion in limine, seeking to exclude from the District Court's consideration any of the violations for which Martinez had already received interventions. He sought to limit the District Court to considering only the August 2006 violations concerning his dishonest reporting that he was living at the Mission. The District Court denied the motion from the bench, and proceeded with the hearing.

¶12     At the revocation hearing, the District Court heard testimony from Hjelmstad and Wild concerning Martinez' repeated violations of his probation conditions. At the conclusion of the hearing, the District Court concluded there were substantial violations of the probation conditions justifying a disposition hearing and ordered Martinez returned to jail. A disposition hearing was held on March 5, 2007. At the conclusion of that hearing, the District Court revoked Martinez' suspended sentence, and committed Martinez to the Department of Corrections to a term of seven years, with the last three years suspended.

¶13     Martinez now appeals the revocation of his suspended sentence. Martinez argues the District Court erred in revoking his suspended sentence because the probation officer lacked the statutory authority to seek a revocation of his sentence for conduct addressed by the three intervention hearings, and because the revocation of his suspended sentence violated his right to be free from double jeopardy under Article II, Section 25 of the Montana Constitution. Martinez presents the following issue on appeal:

¶14     *Did the District Court err in revoking Martinez' suspended sentence?*

STANDARD OF REVIEW

¶15 We review a district court's decision to revoke a suspended sentence for an abuse of discretion. *State v. Senn*, 2003 MT 52, ¶ 19, 314 Mont. 348, ¶ 19, 66 P.3d 288, ¶ 19. A district court has statutory authority to revoke a suspended sentence under § 46-18-203(7), MCA. "Even a single violation of the terms and conditions of a suspended sentence is sufficient to support a district court's revocation of that sentence." *State v. Rudolph*, 2005 MT 41, ¶ 13, 326 Mont. 132, ¶ 13, 107 P.3d 496, ¶ 13.

¶16 The issue of whether a district court has acted within its statutory authority in revoking a suspended sentence presents a question of law over which we exercise plenary review. *State v. Van Haele*, 2005 MT 153, ¶ 22, 327 Mont. 400, ¶ 22, 114 P.3d 225, ¶ 22. We also exercise plenary review over questions of constitutional law, including those related to double jeopardy claims. *State v. Smith*, 2000 MT 57, ¶ 13, 299 Mont. 6, ¶ 13, 997 P.2d 768, ¶ 13. When we review a district court's decision under this standard, we inquire whether its conclusions of law are correct. *State v. Anderson*, 2008 MT 116, ¶ 18, 342 Mont. 485, ¶ 18, 182 P.3d 80, ¶ 18.

## DISCUSSION

¶17 Martinez argues that Hjelmstad did not have the statutory authority to seek a revocation of his suspended sentence because he had already been punished for his probation violations by sanctions imposed at the three intervention hearings. Martinez maintains his argument is supported by the plain language of the statutes which govern the use of intervention proceedings, in particular §§ 46-23-1012 and 1015, MCA. Under Section 46-23-1012(1), MCA, a probation officer who reasonably believes a probationer

has violated probation conditions may seek a warrant for his arrest. Once arrested, the probation officer has the following options with respect to the detained probationer:

> (3) A probation and parole officer may authorize a detention center to hold a probationer arrested under this section without bail for 72 hours. Within 72 hours following the probationer's detention, the probation and parole officer shall:
>> (a) authorize the detention center to release the probationer;
>> (b) hold an intervention hearing pursuant to 46-23-1015; or
>> (c) arrange for the probationer to appear before a magistrate to set bail. In setting bail, the provisions of chapter 9 of this title regarding release on bail of persons charged with a crime apply.
>> (4) If the probationer is detained and bond is set, the probation and parole officer shall file a report of violation within 10 days of the arrest of the probationer.
>> (5) After the probation and parole officer files a report of violation, the court may proceed with revocation of probation in the manner provided in 46-18-203.

Section 46-23-1012(3) through (5), MCA.

¶18 Martinez argues this statute authorizes a probation officer who believes a probationer has violated his probation to elect one of the three options described in § 46-23-1012(3), MCA. He maintains that once the probation officer elects to pursue an intervention hearing under § 46-23-1012(3)(b), MCA, then she cannot also pursue a revocation hearing before the District Court for the same violation. We agree. When interpreting statutes, their "plain language controls our interpretation if we can discern the legislative intent from the plain meaning of the statute's words." *Sturchio v. Wausau Underwriters Ins. Co.*, 2007 MT 311, ¶ 10, 340 Mont. 141, ¶ 10, 172 P.3d 1260, ¶ 10. The plain language of subsection (3) gives a probation officer three options with respect to a detained probationer: (1) release the probationer from detention; (2) hold an intervention hearing; or (3) arrange for the probationer to appear before a magistrate to

8

set bail. The language of the statute being clearly disjunctive, the probation officer can pursue only one of these options for an alleged violation of probation conditions.

¶19 In its petition, the State sought revocation based upon the failure of Martinez to obey the conditions as set forth in the violation report submitted by Hjelmstad. By incorporating the allegations set forth in the violation report, the petition thus included the August 2006 violation for which Martinez had not yet been sanctioned, in addition to the violations addressed by the three interventions. In its order revoking Martinez' suspended sentence, the District Court provided the following rationale for its decision:

> The Court notes defendant while on supervised probation did not adequately follow the conditions/rules; failed to successfully participate in the rehabilitation programs available and failed to demonstrate that he can live his life by the rules of society and become a law-abiding citizen/productive member of society; therefore [the Court follows] the recommendations of defendant's Supervising Officer and counsel concluding the interests of justice and the needs of public safety require the level of security, closer supervision and more structured environment provided by the Department of Corrections along with the authority to place defendant in community-based programs in hopes to have no further involvement with the criminal justice system.

¶20 In revoking Martinez' suspended sentence, the District Court appears to have considered the entire contents of the violation report, including those violations for which Martinez had already received punishment or sanction. However, in this case Martinez violated Condition No. 1 after his third intervention when he lied to Hjelmstad about the fact that he was not living at the Mission. Martinez had not received sanction or punishment for this violation. More importantly, this violation by itself was sufficient to support a revocation of Martinez' probation. *Rudolph*, ¶ 13. Accordingly, even if the District Court considered the history of Martinez' violations in reaching its decision, it

9

did not abuse its discretion or exceed its statutory authority in revoking Martinez' suspended sentence.

¶21    Moreover, the District Court did not violate Martinez' right against double jeopardy in revoking his suspended sentence.   In *State v. Guillaume*, 1999 MT 29, ¶¶ 16-17, 293 Mont. 224, ¶¶ 16-17, 975 P.2d 312, ¶¶ 16-17, we stated that the right against double jeopardy prohibits a defendant from being punished twice for a single act. Here, Martinez had not yet received any punishment or sanction for the August 2006 violation of Condition No. 1, and the District Court had sufficient basis to revoke his sentence on that ground alone.

## CONCLUSION

¶22    We affirm the District Court's decision.   The District Court had the statutory authority to revoke Martinez' probation in this case based on his August 2006 violation of Condition No. 1, and did not violate Martinez' double jeopardy rights or abuse its discretion in revoking Martinez' suspended sentence.

/S/ PATRICIA COTTER

We concur:

/S/ KARLA M. GRAY
/S/ JAMES C. NELSON
/S/ JIM RICE
/S/ BRIAN MORRIS