**FILED**

August 18 2009

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

DA 08-0349

IN THE SUPREME COURT OF THE STATE OF MONTANA

2009 MT 276

STATE OF MONTANA,

       Plaintiff and Appellee,

v.

ADAM LeDEAU, JR.

       Defendant and Appellant.

APPEAL FROM:    District Court of the Sixteenth Judicial District,
In and For the County of Custer, Cause No. DC 02-47
Honorable Gary L. Day, Presiding Judge

COUNSEL OF RECORD:

       For Appellant:

              Jim Wheelis, Chief Appellate Defender; Tammy Hinderman, Assistant
Appellate Defender, Helena, Montana

       For Appellee:

              Steve Bullock, Montana Attorney General; Mark W. Mattioli, Assistant
Attorney General, Helena, Montana

Submitted on Briefs: March 18, 2009

Decided: August 18, 2009

Filed:

_____
                            Clerk

Justice John Warner delivered the Opinion of the Court.

¶1 Adam LeDeau pled guilty to sexual assault in the Sixteenth Judicial District Court, Custer County. He was sentenced to the Department of Corrections for 15 years with all but five years suspended. LeDeau was released on parole a few months before he discharged the unsuspended portion of his sentence. Shortly after his release, LeDeau admitted to violating the conditions of his parole and it was revoked.

¶2 The District Court also revoked the suspended portion of LeDeau's sentence and then committed him to the custody of the Department of Corrections for ten years with five years suspended. LeDeau appeals raising the following two issues:

¶3 1. Was LeDeau's constitutional right to be free from double jeopardy violated when his parole and his suspended sentence were revoked based on the same conduct?

¶4 2. Did the District Court exceed its statutory authority when it revoked LeDeau's suspended sentence before he started serving the suspended portion of his sentence?

BACKGROUND

¶5 In early 2004, LeDeau pled guilty to sexual assault in violation of §§ 45-5-502(1) and -502(3), MCA. The District Court sentenced him to the Department of Corrections for 15 years with all but five suspended.[1] LeDeau was released on parole October 30, 2007. While on parole, LeDeau was fired from his job and failed to inform his parole officer, failed to inform the Yellowstone County Sheriff's Department of his employment change, had unapproved contact with his 17-year-old daughter, began living with his girlfriend and

2

allowed his then 18-year-old daughter to stay with him periodically, and was suspended from sex offender treatment.

¶6     LeDeau's parole officer filed a report of violation with the Board of Pardons and Parole in December 2007. LeDeau admitted to the alleged violations. The parole board revoked his parole in January 2008. He was sent to Warm Springs to serve the remainder of the unsuspended portion of his sentence, which would discharge in March 2008.

¶7     In February 2008, before he began serving the suspended portion of his sentence, the State petitioned to revoke LeDeau's suspended sentence alleging the same violations used to revoke his parole.

¶8     LeDeau denied the alleged violations of his suspended sentence. On the day of the hearing, LeDeau filed a motion to dismiss the petition. He argued his suspended sentence could not be revoked before he had begun serving it, that revocation was barred by collateral estoppel and the doctrine of separation of powers, and that his right to effective assistance of counsel had been violated when he previously admitted the alleged violations because he did not have counsel during the parole revocation proceedings. The motion was briefed. The District Court denied the motion to dismiss.

¶9     The District Court based its determination that LeDeau had violated the terms of his suspended sentence, in part, on his previous admission of the alleged violations. The District

---

[1] While it is difficult to tell from the District Court Judgment, it is assumed LeDeau was initially sentenced to the Department of Corrections to be imprisoned. This ambiguity is not raised as an issue on appeal.

Court sentenced LeDeau to the Department of Corrections for ten years with five suspended, with a strong recommendation that he be placed in a pre-release program[2]

STANDARDS OF REVIEW

¶10 We exercise plenary review over questions of constitutional law, including those related to double jeopardy claims. *State v. Martinez*, 2008 MT 233, ¶ 16, 344 Mont. 394, 188 P.3d 1034 (citing *State v. Smith*, 2000 MT 57, ¶ 13, 299 Mont. 6, 997 P.2d 768). This Court may review claimed errors implicating a criminal defendant's fundamental constitutional rights, even if no contemporaneous objection is made, when failure to do so may result in a manifest miscarriage of justice, leave unsettled the fundamental fairness of the proceedings, or compromise the integrity of the judicial process. *State v. Taylor*, 2009 MT 161, ¶ 11, 350 Mont. 447, 208 P.3d 422.

¶11 The issue of whether a district court has acted within its statutory authority in revoking a suspended sentence presents a question of law over which we exercise plenary review. *Martinez*, ¶ 16 (citing *State v. Van Haele*, 2005 MT 153, ¶ 22, 327 Mont. 400, 114 P.3d 225). When we review a district court's decision under this standard, we inquire whether its conclusions of law are correct. *Martinez*, ¶ 16 (citing *State v. Anderson*, 2008 MT 116, ¶ 18, 342 Mont. 485, 182 P.3d 80).

DISCUSSION

---

[2] The District Court Judgment does not state whether LeDeau is committed to the Department of Corrections for placement in an appropriate facility or program or sentenced to Montana State

4

¶12    *Issue 1: Was LeDeau's constitutional right to be free from double jeopardy violated when his parole and his suspended sentence were revoked based on the same conduct?*

¶13    LeDeau argues, for the first time on appeal, that revoking both his parole and his suspended sentence based on the same conduct subjected him to double jeopardy.

¶14    Generally, this Court will not hear issues raised for the first time on appeal. However, we may invoke plain error review when constitutional rights are at issue. *In re J.D.L.*, 2008 MT 445, ¶ 6, 348 Mont. 1, 199 P.3d 805. We invoke plain error review sparingly and on a case by case basis. *State v. Lacey*, 2009 MT 62, ¶ 74, 349 Mont. 371, 204 P.3d 1192 (citing *State v. English*, 2006 MT 177, ¶ 66, 333 Mont. 23, 140 P.3d 454).

¶15    Parole is a privilege and not a right. The state may offer parole subject to such conditions as it considers most conducive to accomplish the desired purpose. *McDermott v. McDonald*, 2001 MT 89, ¶ 19, 305 Mont. 166, 24 P.3d 200. If the parole board determines that parole conditions are not met, the board has the authority to revoke the parole. Section 46-23-1023, MCA. Revocation of parole does not constitute punishment for purposes of double jeopardy. *See Christofferson v. State*, 272 Mont. 518, 520-21, 901 P.2d 588, 589 (1995) (finding district court did not err in denying petition for post-conviction relief, which stemmed from revocation of parole and probation).

¶16    A suspended sentence may be imposed by a judge. Section 46-18-201(2), MCA. The suspended portion of the sentence may be made subject to conditions. Section 46-18-201(4), MCA. Upon a showing of probable cause that the offender has violated any condition of a

Prison. As with the initial judgment, this ambiguity is not raised as an issue on appeal.

suspended sentence, the sentencing court may revoke the suspended sentence. Section 46-18-203, MCA.

¶17 A revocation proceeding is not a criminal adjudication, does not require proof of a criminal offense, does not impose punishment for any new offense, and is an act in the performance of the duty of supervision of an offender. Double Jeopardy is not applicable to revocation of suspended sentences. *State v. Oppelt*, 184 Mont. 48, 53-54, 601 P.2d 394, 398 (1978) (citing *State v. Eckley*, 579 P.2d 291, 293 (Or. App. 1978)); *State v. Brister*, 2002 MT 13, ¶ 24, 308 Mont. 154, 41 P.3d 314; *State v. Lange*, 237 Mont. 486, 489, 775 P.2d 213, 215 (1989); *State v. Walker*, ¶ 12, 2001 MT 170, 306 Mont. 159, 30 P.3d 1099.

¶18 Not conducting a complete review of LeDeau's claim that he was subjected to double jeopardy will not result in a manifest miscarriage of justice, leave unsettled the fundamental fairness of the proceedings, or compromise the integrity of the judicial process. We decline to further consider LeDeau's double jeopardy claim.

¶19 *Issue 2: Did the District Court exceed its statutory authority when it revoked LeDeau's suspended sentence before he started serving the suspended portion of his sentence?*

¶20 LeDeau contends the District Court lacked statutory authority to revoke his suspended sentence before he began serving it because § 46-18-203(2), MCA, provides that a petition to revoke may be filed "during the period of suspension or deferral."

¶21 In interpreting § 46-18-203(2), MCA, we have held that a District Court has the statutory authority to revoke a suspended sentence before the defendant actually begins

6

serving the suspended sentence. *State v. Morrison*, 2008 MT 16, ¶ 17, 341 Mont. 147, 176 P.3d 1027 (upholding *State v. Sullivan*, 197 Mont. 395, 642 P.2d 1008 (1982)); *Matter of Ratzlaff*, 172 Mont. 439, 564 P.2d 1312 (1977). Since this Court's interpretation of the effect of § 46-18-203(2), MCA, has been in existence for over 30 years, and the legislature is presumed to know how the Court has interpreted its statutes, we presume the legislature approves of our interpretation of the statute to the effect that a district court may revoke a suspended sentence before a defendant begins serving it. *State v. Kirkbride*, 2008 MT 178, ¶ 21, 343 Mont. 409, 185 P.3d 340; *Sampson v. Natl. Farmers Union Prop. & Cas. Co.*, 2006 MT 241, ¶ 20, 333 Mont. 541, 144 P.3d 797.

¶22 Affirmed.

/S/ JOHN WARNER

We Concur:

/S/ MIKE McGRATH
/S/ BRIAN MORRIS
/S/ JIM RICE

Justice Jim Nelson concurs and dissents.

¶23 I concur as to Issue 1 since the issue is being raised for the first time on appeal; I, likewise, would not engage in discretionary plain-error review. I dissent from the Court's decision on Issue 2 for the same reasons I dissented in *State v. Morrison*, 2008 MT 16, ¶¶ 20-32, 341 Mont. 147, 176 P.3d 1027 (Nelson, J., dissenting).

¶24 I concur and dissent.

7

/S/ JAMES C. NELSON