JUSTICE LEAPHART,
specially concurring.
¶23 I concur in the result reached by the Court but disagree with the Court’s statement in ¶ 10 that, “it is self-evidence that, by definition, when this Court declines to exercise plain error review of a claim, this Court does not decide the merits of that claim. LeDeau, therefore, is not controlling authority here.”
¶24 I do not agree that statements made by the Court in addressing plain error review are susceptible of such an absolute rule. The Court’s conclusion that when we decline to exercise plain error review we have, by definition, not addressed the merits can, depending on the case, be superficial.
¶25 We have not been consistent in our use of the verb “decline” as it relates to the “plain error doctrine” versus “plain error review.” We have cases in which we simply decline to exercise plain error review with essentially no explanation or indication that we analyzed the appeal under the two Finley criteria. State v. Essig, 2009 MT 340, ¶ 31, 353 Mont. 99, 218 P.3d 838, 843. We have cases in which we engage in the review of the alleged plain error but, in the end, decline to invoke the common law plain error doctrine. State v. Godfrey, 2004 MT 197, ¶ 40, 322 Mont. 254, 95 P.3d 166 (concluding, after a sixteen-paragraph analysis, that “the particular facts of this case do not compel the application of the plain error doctrine because there simply was no clear comment on or infringement of Godfrey’s fundamental *188 right to remain silent”); State v. Lindberg, 2008 MT 389, ¶ 35, 347 Mont. 76, 196 P.3d 1252 (declining, after several pages of common law plain error analysis, to invoke common law plain error and holding that “given the totality of the circumstances in this case, the prosecutor’s comments do not rise to a level sufficient to invoke the plain error doctrine”) (emphasis added). Then we have cases in which we (at least to some extent) discuss the merits of the claimed error, and then decline to exercise “plain error review.” State v. Rovin, 2009 MT 16, ¶ 30, 349 Mont. 57, 63-64, 201 P.3d 780 (emphasis added); State v. Lacey, 2009 MT 62, ¶ 74, 349 Mont. 371, 397, 204 P.3d 1192 (“None of these [plain error] concerns are present here, and we decline to review Lacey’s claimed errors under the plain error doctrine.”); State v. LeDeau, 2009 MT 276, 352 Mont. 140, 215 P.3d 672; State v. Shively, 2009 MT 252, ¶ 24, 351 Mont. 513, 216 P.3d 732 (“Having reviewed the facts and circumstances herein, we conclude that this case is not appropriate for the exercise of plain error review.”).
¶26 This latter category of cases arguably presents a semantic inconsistency in that they discuss the merits on one hand and then, on the other hand, “decline to review.” In concluding herein that the Court’s statements in the latter category of cases are of no precedential value, I believe the Court elevates form over substance. We made clear in State v. Finley-our seminal decision laying out the common law plain error doctrine-that even the initial invocation of common law plain error requires this Court to consider or “review” the facts as applied to the Finley criteria: “The particular facts and circumstances of each case drive the applicability of the plain error doctrine.” State v. Finley, 276 Mont. 126, 134, 915 P.2d 208, 214 (1996).
¶27 As a practical matter, we do not address requests to exercise plain error in a vacuum. “When determining whether to apply the common law plain error rule, we must decide whether the errors alleged by Sullivan implicate fundamental constitutional rights.” State v. Sullivan, 280 Mont. 25, 32, 927 P.2d 1033, 1037. In other words, we frequently review the matter to determine whether the alleged error implicates a fundamental right, and if so, does it result in a miscarriage of justice, implicate the fundamental fairness of the trial or compromise the integrity of the judicial process. If not, we either decline to exercise plain error review, as in Lacey, or we decline to apply the plain error doctrine, as in Godfrey. In either case, the Court’s analysis is of value. Although I think we can avoid this semantic confusion by being more specific as to whether we are declining the review or declining the plain error doctrine, I reject any attempt to *189 establish a categorical rule that anything the Court says in declining plain error review is without precedential value.
¶28 I believe a more appropriate route is to clarify the language we use when considering the applicability of the common law plain error doctrine. This doctrine requires the Court to review the facts of the appeal under two criteria: (1) whether a fundamental right was implicated; and (2) whether failure to review the claim would result in the miscarriage of justice or unfair consequences articulated in Finley. Finley, 276 Mont, at 137, 915 P.2d at 215. There is no means of avoiding this review, regardless of whether it occurs in one sentence or ten paragraphs of analysis. I would therefore urge the Court to clarify the lexicon associated with common law plain error. The Court “reviews” a party’s request to invoke the common law plain error doctrine. If we find that the appeal meets both Finley criteria, then we “apply” or “invoke” the common law plain error doctrine.
JUSTICE MORRIS and JUSTICE RICE join in the special concurring opinion of JUSTICE LEAPHART.