DA 10-0177

IN THE SUPREME COURT OF THE STATE OF MONTANA

2011 MT 9

STATE OF MONTANA,

        Plaintiff and Appellee,

  v.

GERALD J. STIFFARM,

        Defendant and Appellant.

APPEAL FROM:    District Court of the Twelfth Judicial District,
In and For the County of Hill, Cause No. DC-06-010
Honorable David G. Rice, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

        Colin M. Stephens, Smith & Stephens, P.C., Missoula, Montana

      For Appellee:

        Steve Bullock, Montana Attorney General, Micheal S. Wellenstein,
Assistant Attorney General, Helena, Montana

        Gina Dahl, Hill County Attorney, Havre, Montana

Submitted on Briefs:  January 20, 2011

Decided:  January 26, 2011

Filed:

_____
Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1    Gerald Stiffarm (Stiffarm) appeals the Twelfth Judicial District Court's order revoking his suspended sentence because the State filed the petition to revoke prior to the beginning of that sentence. We reverse and remand.

## ISSUE

¶2    A restatement of the issue on appeal is whether the District Court exceeded its statutory authority, in violation of § 46-18-203(2), MCA, when it considered, and granted, the State's petition to revoke Stiffarm's suspended sentence that was filed before the period of suspension had begun.

## FACTUAL AND PROCEDURAL BACKGROUND

¶3    The material facts are not disputed. On August 26, 2004, Stiffarm entered into a plea agreement and pled guilty to felony Partner or Family Member Assault (PFMA) in Cause No. DC-04-026. He received a suspended sentence on December 9, 2005, in conformity with the plea agreement. On February 24, 2006, Stiffarm pled guilty to Failure to Register as a Violent Offender, a felony, in Cause No. DC-06-010. On that same day, the court revoked Stiffarm's suspended sentence for the PFMA because Stiffarm's failure to register was a violation of his probation. In Cause No. DC-04-026, Stiffarm was committed to the Department of Corrections for four years. In Cause No. DC-06-010, Stiffarm was committed to the Department of Corrections for five years, all suspended, to run consecutively to the four-year sentence issued in Cause No. DC-04-026.

2

¶4     On June 9, 2009, Stiffarm was granted parole. At the time, Stiffarm was still serving the four-year sentence in Cause No. DC-04-026, which was not due to discharge until November 14, 2009. Stiffarm's suspended sentence for Cause No. DC-06-010 therefore would not commence to run until at least November 14, 2009.

¶5     On November 10, 2009—four days before Stiffarm's suspended sentence was to begin—the State filed a Petition for Revocation of Suspended Sentence in Cause No. DC-06-010 for violations of the conditions of the suspended sentence. A warrant was issued and Stiffarm was arrested.

¶6     On December 9, 2009, Stiffarm moved to dismiss the revocation petition on the basis that the petition was filed in violation of § 46-18-203(2), MCA. This statute provides: "[t]he petition for a revocation must be filed with the sentencing court during the period of suspension or deferral. Expiration of the period of suspension or deferral after the petition is filed does not deprive the court of its jurisdiction to rule on the petition." Stiffarm argued that the revocation petition was filed before the commencement of his suspended sentence, in violation of the statute.

¶7     The District Court conducted an evidentiary hearing and concluded Stiffarm had committed the violations alleged in the State's petition. The court then ordered briefing on whether it could revoke Stiffarm's suspended sentence for violations occurring prior to the start of the sentence. The parties briefed the issue and, on January 15, 2010, the District Court denied Stiffarm's motion to dismiss the State's revocation petition. Stiffarm's suspended sentence was revoked at a February 5, 2010 disposition hearing,

3

and he was committed to the Department of Corrections for five years, with three years suspended. This appeal followed.

**STANDARD OF REVIEW**

¶8 We review a district court's decision to revoke a suspended sentence for abuse of discretion and whether a preponderance of the evidence supported the court's decision. *State v. Rovin*, 2009 MT 16, ¶ 23, 349 Mont. 57, 201 P.3d 780. However, when the issue presented is whether the district court had authority to take a specific action, the question is one of law and our review is plenary. *State v. Shockley*, 2001 MT 180, ¶ 8, 306 Mont. 196, 31 P.3d 350. We decide this case pursuant to this latter standard.

**DISCUSSION**

¶9 ***Did the District Court exceed its statutory authority, in violation of § 46-18-203(2), MCA, when it considered, and granted, the State's petition to revoke Stiffarm's suspended sentence that was filed before the period of suspension had begun?***

¶10 Stiffarm argues that the District Court violated § 46-18-203(2), MCA, when it granted a petition for revocation of his suspended sentence that was filed prior to commencement of that sentence. Stiffarm acknowledges that we have previously interpreted this statute in a manner contrary to his argument in *Christofferson v. State*, 272 Mont. 518, 901 P.2d 588 (1995), *State v. Vallier*, 2000 MT 225, 301 Mont. 228, 8 P.3d 112, *State v. Morrison*, 2008 MT 16, 341 Mont. 147, 176 P.3d 1027, and *State v. LeDeau*, 2009 MT 276, 352 Mont. 140, 215 P.3d 672. Despite this line of cases, Stiffarm argues that the statute must be given its plain meaning, and he urges us to overrule these prior cases which conflict with the plain meaning of the statute. The State argues that

4

this Court has repeatedly rejected arguments similar to the one raised by Stiffarm and urges us to follow our precedent. However, we are constrained to agree with Stiffarm that our previous holdings have erroneously interpreted § 46-18-203(2), MCA, and are contrary to the plain meaning of the statute. Accordingly, for the reasons below, we overrule the forgoing line of cases and urge the Montana Legislature to amend and clarify § 46-18-203(2), MCA, should they intend the statute to mean something different from what it plainly means now.

¶11 As noted above, § 46-18-203(2), MCA, states "[t]he petition for a revocation must be filed with the sentencing court *during the period of suspension or deferral*. Expiration of the period of suspension or deferral after the petition is filed does not deprive the court of its jurisdiction to rule on the petition." (Emphasis added). Section 46-18-203, MCA, was amended by the 1983 Legislature to add subsection (2) as a new subsection. *See Morrison*, ¶ 17 for a discussion of the legislative history of § 46-18-203(2), MCA.

¶12 It is well-settled law in Montana that "[i]n the construction of a statute, the office of the judge is simply to ascertain and declare what is in terms or in substance contained therein, not to insert what has omitted or omit what has been inserted." Section 1-2-101, MCA. Further, a statute is to be construed according to its plain meaning, and if the language is clear and unambiguous, no further interpretation is required. *Geiger v. Uninsured Employers' Fund*, 2002 MT 332, ¶ 21, 313 Mont. 242, 62 P.3d 259 (citations omitted). As we have repeatedly stated, it is not this Court's prerogative to read into a statute what is not there; "[o]ur function as an appellate court is to ascertain and carry out the Legislature's intent by looking at the plain meaning of the words in the statute." *In re*

5

*Marriage of Rudolf*, 2007 MT 178, ¶ 41, 338 Mont. 226, 164 P.3d 907 (quoting *Strzelczyk v. Jett*, 264 Mont. 153, 157, 870 P.2d 730, 732-33 (1994)). Further, if legislative intent can be determined by the plain meaning of the words, we may go no further in applying any other meaning or interpretation. *In re Archer*, 2006 MT 82, ¶ 16, 332 Mont. 1, 136 P.3d 563 (citing *Western Energy Co. v. Dept. of Revenue*, 1999 MT 289, ¶ 11, 297 Mont. 55, 990 P.2d 767).

¶13    The language of § 46-18-203(2), MCA, is clear and unambiguous. It states that a petition for revocation must be filed "*during* the period of suspension or deferral." Section 46-18-203(2), MCA (emphasis added). The meaning of "during" is: "1: throughout the continuance or course of; 2: at some point in the course of," *Webster's Third New International Dictionary* 703 (G. & C. Merriam Co. 1971), "1: throughout the entire time of; all through; 2: at some point in the entire time of; in the course of." *Webster's New World College Dictionary* 443 (4th ed., Wiley Publishing 2002).

¶14    The plain meaning of § 46-18-203(2), MCA, is that the State may properly file a petition to revoke a suspended or deferred sentence only after the sentence has commenced and before it concludes, not before and not after the period of suspension or deferral. Further, because this plain meaning is clear, we need not—and cannot—inquire further into the legislative history. *Formicove, Inc. v. Burlington N.*, 207 Mont. 189, 192, 673 P.2d 469, 470 (1983); *State v. Gatts*, 279 Mont. 42, 50, 928 P.2d 114, 118 (1996). It is the province of the Legislature to amend § 46-18-203(2), MCA, if this is not the meaning it intended.

6

¶15    The State argues that we should defer to "the very weighty considerations" of stare decisis and follow our precedent, which has recognized a district court's authority to grant a petition to revoke a suspended sentence that is filed before a defendant begins serving that sentence.   While the doctrine of stare decisis is typically this Court's preferred course, *see State v. Kirkbride*, 2008 MT 178, ¶ 13, 343 Mont. 409, 185 P.3d 340; *Certain v. Tonn*, 2009 MT 330, ¶ 19, 353 Mont. 21, 220 P.3d 384, it is not such a rigid doctrine that it forecloses reexamination of cases and requires us to follow "a manifestly wrong decision."   *Allstate v. Wagner-Ellsworth*, 2008 MT 240, ¶ 39, 334 Mont. 445, 188 P.3d 1042 (quoting *Formicove*, 207 Mont. at 194, 673 P.2d at 472).

¶16    Stiffarm now, like Justice Nelson in his dissents in *Morrison* and *LeDeau*, correctly notes that the root of the errant line of cases the State urges us to follow lays with this Court's uncritical continuing reliance on, and re-affirmation of, *State v. Sullivan*, 197 Mont. 395, 642 P.2d 1008 (1982) and *Matter of Ratzlaff*, 172 Mont. 439, 564 P.2d 1312 (1977).   Both of these cases were decided before the Legislature amended § 46-18-203, MCA, in 1983 to add subsection (2).   *Morrison*, ¶ 30 (Nelson, J. dissenting); *LeDeau*, ¶ 23 (Nelson, J. concurring and dissenting).   In light of the amendment which clearly and expressly limited the time during which a revocation petition could be filed, pre-1983 decisions addressing a previous version of the statute *without* the time constraints are clearly inapposite when considering the amended statute. Nonetheless, we continued to wrongly rely on *Sullivan* and *Ratzlaff* in post-1983 caselaw and interpreted § 46-18-203(2), MCA, to permit a district court to consider—and grant—

a petition to revoke a suspended or deferred sentence that was filed before the defendant began serving the suspended sentence.

¶17    We did this for the first time in *Christofferson*, 272 Mont. at 521, 901 P.2d at 589, which was decided in 1995.  In the 2000 case of *Vallier*, we unquestioningly accepted the defendant's concession that the district court had authority to revoke his suspended sentence prior to its commencement, which he based on *Sullivan* and *Christofferson*. *Vallier*, ¶ 9.  In 2008, we reaffirmed *Sullivan*, *Ratzlaff*, *Christofferson*, and *Vallier*, bolstered by an impermissible interpretation of legislative history and notwithstanding Justice Nelson's dissent. *Morrison*, ¶¶ 14-18.  And, finally, in 2009 we again upheld this incorrect reading of § 46-18-203(2), MCA, again relying on our decisions in *Morrison*, *Sullivan*, and *Ratzlaff*, and in spite of Justice Nelson's repeated dissent. *LeDeau*, ¶ 21.

¶18    The State does not argue that the foregoing cases were properly decided under the plain language of § 46-18-203(2), MCA, because it cannot forthrightly do so.  Rather, it simply urges us to follow the precedent.  We conclude, however, that we cannot reconcile our duty to apply legislation as written with the decisions in these cases.  We accordingly expressly overrule *LeDeau, Morrison, Vallier,* and *Christofferson*.  It is unnecessary to overrule *Sullivan* or *Ratzlaff* because they were decided prior to the 1983 enactment of § 46-18-203(2), MCA, and interpret a different statutory scheme.

## CONCLUSION

¶19    For the foregoing reasons, we hold that under the plain meaning of § 46-18-203(2), MCA, the District Court lacked statutory authority to revoke Stiffarm's suspended sentence in Cause No. DC-06-010 because the State filed its petition for

8

revocation before Stiffarm began serving that suspended sentence. We therefore reverse and remand to the District Court with instruction to vacate the order revoking Stiffarm's suspended sentence in Cause No. DC-06-010.

¶20 We also take this opportunity to urge the Montana Legislature to amend and clarify § 46-18-203(2), MCA, should the plain meaning of this statute as it now reads, be inconsistent with its intent.

¶21 Reversed and Remanded.

/S/ PATRICIA COTTER


We concur:


/S/ MIKE McGRATH
/S/ JAMES C. NELSON
/S/ MICHAEL E WHEAT
/S/ BRIAN MORRIS



Justice Beth Baker, dissenting.

¶22 I respectfully dissent. As the majority has noted, "weighty considerations underlie the principle that courts should not lightly overrule past decisions." *Allstate*, ¶ 39 (citing *Moragne v. States Marine Lines Inc.*, 398 U.S. 375, 403, 90 S. Ct. 1772, 1789 (1970)). "[S]*tare decisis* is a fundamental doctrine which reflects our concerns for stability, predictability and equal treatment" in the law. *Formicove*, 207 Mont. at 194, 673 P.2d at

472.  This principle applies with great force in interpreting statutes.  *See Bottomly v. Ford*, 117 Mont. 160, 168, 157 P.2d 108, 112 (1945).

¶23     In *LeDeau*, *Morrison*, *Vallier*, and *Christofferson*, we examined § 46-18-203(2), MCA, and interpreted the statute to allow the District Court the authority to revoke a suspended or deferred sentence before a defendant began serving that sentence.  *LeDeau*, ¶ 21; *Morrison*, ¶ 16; *Vallier*, ¶ 9; *Christofferson*, 272 Mont. at 521, 901 P.2d at 589. This interpretation was made explicit in *Sullivan* and has remained the Court's interpretation for nearly 30 years.  *Sullivan*, 197 Mont. at 700, 642 P.2d at 1010.  While the majority correctly observes that § 46-18-203, MCA, was amended in 1983, the Legislature has met seven times since we reaffirmed *Sullivan* in *Christofferson* and has not seen fit to change the statute to prohibit filing the petition before the period of suspension or deferral begins.  *See Certain*, ¶ 18 (where we concluded that if the Legislature had disagreed with this Court's interpretation, the Legislature could have revised the statute); *see also Kirkbride*, ¶ 21; *Sampson v. Nat'l Farmers Union Prop. & Cas. Co.*, 2006 MT 241, ¶ 20, 333 Mont. 541, 144 P.3d 797.

¶24     The principle of *stare decisis* should not be used to perpetuate error, *Payne v. Tennessee*, 501 U.S. 808, 827, 111 S. Ct. 2597, 2609 (1991), and the Court's new interpretation of the statute's plain language cannot be faulted.  However, "judicial construction of a statute becomes part of the legislation from the time of its enactment." Norman J. Singer and J.D. Shambie Singer, *Sutherland Statutes and Statutory Construction*, vol. 2B, § 49:5, 32-34 (7th ed., Thompson-West 2008).  Whether this Court's initial construction of the statute was correct or not, it has become the law.  *Mont.*

10

*Horse Prods. Co. v. Great N. Ry.*, 91 Mont. 194, 215, 7 P.2d 919, 927 (1932).  It is the legislature's prerogative, not the Court's, to change the statute if the Court's longstanding interpretation of its language is not what the legislature intended.

/S/ BETH BAKER

Justice Jim Rice joins the dissenting Opinion of Justice Baker.

/S/ JIM RICE