JUSTICE NELSON,
dissenting.
¶40 I dissent.
¶41 The State has misstated the issue in this case, and the Court has unfortunately taken the bait. The question here is not whether State v. Stiffarm, 2011 MT 9, 359 Mont. 116, 250 P.3d 300, should be applied retroactively. This is not a retroactivity case.
¶42 Our law is well established and unequivocal: ‘The law in effect at the time an offense is committed controls as to the possible sentence *173 for the offense, as well as the revocation of that sentence.” State v. Tirey, 2010 MT 283A, ¶ 26, 358 Mont. 510, 247 P.3d 701 (emphasis added) (citing State v. Tracy, 2005 MT 128, ¶ 16, 327 Mont. 220, 113 P.3d 297). “[A] person has the right to be sentenced under the statutes which are in effect at the time of the offense, and ... imposition of a sentence under statutes not in effect at the time an offense was committed is an ex post facto application of the law and therefore unconstitutional.” State v. Striplin, 2009 MT 76, ¶ 30, 349 Mont. 466, 204 P.3d 687 (emphasis added) (citing Tracy, ¶ 16).
¶43 The 1997 Montana Code Annotated was in effect at the time of Cook’s offense. Section 46-18-203(2), MCA (1997), states that “[t]he petition for a revocation must be filed with the sentencing court during the period of suspension or deferral” (emphasis added). The revocation of Cook’s sentence is controlled by this language.
¶44 So, what does “[t]he petition for a revocation must be filed with the sentencing court during the period of suspension or deferral” mean? In Stiffarm, ¶¶ 13-14, this Court explained exactly what this language means:
The language of § 46-18-203(2), MCA, is clear and unambiguous. It states that a petition for revocation must be filed “during the period of suspension or deferral.” Section 46-18-203(2), MCA (emphasis added). The meaning of “during”is: “1: throughout the continuance or course of; 2: at some point in the course of,” Webster’s Third New International Dictionary 703 (G. & C. Merriam Co. 1971), “1: throughout the entire time of; all through; 2: at some point in the entire time of; in the course of.” Webster’s New World College Dictionary 443 (4th ed., Wiley Publishing 2002).
The plain meaning of §46-18-203(2), MCA, is that the State may properly file a petition to revoke a suspended or deferred sentence only after the sentence has commenced and before it concludes, not before and not after the period of suspension or deferral.
¶45 In Stiffarm, ¶¶ 16-17, this Court explained that §46-18-203(2), MCA, has always had this meaning, ever since its enactment in 1983. The problem was that some of our post-1983 precedents had relied on pre-1983 decisions in suggesting that a district court has the authority to consider and grant a petition to revoke a suspended sentence that is filed before the defendant begins serving that sentence. We corrected that erroneous conception in Stiffarm.
¶46 While the State consumes some 14 pages of its brief on appeal *174 attacking and bemoaning Stiffarm, the fact remains that Stiffarm is the law. Contrary to the Court’s analysis, our decision in Stiffarm did not announce any “new rules.” All this Court did in Stiffarm is simply interpret and apply the plain language of §46-18-203(2), MCA, which stated that Tt]he petition for a revocation must be filed with the sentencing court during the period of suspension or deferral” (emphasis added). This is the language which existed in the 1997 MCA. This is the language, therefore, which governed the District Court’s authority to revoke Cook’s sentence. We said in Stiffarm that “during” really does mean “during,” not ‘before” and not “after.” Accordingly, the District Court lacked authority to revoke Cook’s suspended sentence based on the State’s petition for revocation that was filed two days before Cook was scheduled to begin serving the suspended sentence.
¶47 Retroactivity analysis is completely irrelevant to this case. And in applying such analysis here, the Court violates the fundamental principle that the revocation of a suspended sentence is controlled by “the statutes which are in effect at the time of the offense.” Tracy, ¶ 16. Regrettably, I believe the Court has, in fact, continued “the roller coaster” in this case. Concurrence, ¶ 39.1 would reverse on Issue One and not address Issues Two and Three.
¶48 I dissent.