DA 11-0418

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2012 MT 56N

MATTHEW G. ULRIGG,

      Petitioner and Appellant,

   v.

STATE OF MONTANA,

      Respondent and Appellee.

APPEAL FROM:    District Court of the Eighteenth Judicial District,
In and For the County of Gallatin, Cause Nos. DV-11-342A, DV-11-337B
Honorable Holly Brown, Honorable Mike Salvagni, Presiding Judges

COUNSEL OF RECORD:

      For Appellant:

          Matthew G. Ulrigg (self-represented litigant); Shelby, Montana

      For Appellee:

          Steve Bullock, Montana Attorney General; Mark W. Mattioli,
Assistant Attorney General, Helena, Montana

          Marty Lambert, Gallatin County Attorney, Bozeman, Montana

Submitted on Briefs:  February 1, 2012

Decided:  March 7, 2012

Filed:

_____
Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1    Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2    Matthew Gale Ulrigg (Ulrigg) appeals from the dismissal of two petitions for postconviction relief by the District Court for the Eighteenth Judicial District, Gallatin County.[1] We affirm.

¶3    In 2005, Ulrigg was sentenced by Judge Holly Brown to two concurrent, 10-year commitments to the Department of Corrections (DOC) with five years suspended for criminal distribution of dangerous drugs and two counts of forgery. The next month, Judge Mike Salvagni committed Ulrigg to the DOC for a term of 20 years with 15 suspended for burglary, which was to run concurrently with the prior two sentences.

¶4    Ulrigg served time in the Missoula Assessment and Sanction Center, the Butte Prerelease Center, and the Connections Corrections program. However he was soon returned to prison on a felony warrant. In February 2006, Ulrigg was committed to the DOC for 20 years with 15 suspended for a new charge of burglary, and to a concurrent 10 years with 5 suspended for forgery. Judge Holly Brown presided over this matter.

---

[1] This appeal consolidates District Court cause numbers DV-11-342A and DV-11-337B.

¶5 Over the next several years, Ulrigg was placed in numerous DOC programs and facilities. He violated conditions of his parole multiple times with infractions such as failure to report, harassment, and use of methamphetamine and other drugs. In September 2009, the Gallatin County Attorney's Office moved to revoke Ulrigg's suspended sentences, alleging that he had used methamphetamine and escaped from the Butte Prerelease Center. Ulrigg pleaded guilty to that escape, and he was soon convicted again of escape in another county.

¶6 Ulrigg agreed to admit to the escape charge as related to the revocation of his then six suspended sentences in exchange for the State's agreement to dismiss the other allegations in its petition. In July 2010, Ulrigg's suspended sentence in the first burglary case was revoked, and he was committed to the DOC for 15 years with a recommendation for the department's boot camp program. For the other five sentences, Ulrigg was committed to the DOC for four concurrent 5-year terms, and one 15-year term with 10 years suspended.

¶7 Ulrigg filed motions with the District Courts, which were construed as petitions for postconviction relief. He argued that the courts lacked authority to revoke his suspended sentences because the petition to revoke was not filed during the suspended portions of his sentences. *See* § 46-18-203(2), MCA (2003); *State v. Stiffarm*, 2011 MT 9, 359 Mont. 116, 250 P.3d 300. The State argued that Ulrigg's revocations complied both with the law at the time of disposition, as well as with the retroactive provisions of § 46-18-203, MCA (2011), as amended during the last legislative session. Judges Salvagni and Brown both dismissed Ulrigg's petitions with prejudice. This appeal followed.

3

¶8 In *Stiffarm*, we overruled then-existing case law that allowed prosecutors to file petitions to revoke before the start of the suspended sentence. We held that the prior cases were contrary to the plain language of § 46-18-203(2), MCA (1999), which at the time provided: "the petition for a revocation must be filed with the sentencing court during the period of suspension or deferral." *Stiffarm*, ¶ 19; *see also State v. LeDeau*, 2009 MT 276, ¶¶ 19-21, 352 Mont. 140, 215 P.3d 672; *State v. Morrison*, 2008 MT 16, ¶¶ 13-18, 341 Mont. 147, 176 P.3d 1027. As such, district courts lacked statutory authority to rule upon petitions filed prior to the commencement of the suspended sentence. *Stiffarm*, ¶ 19.

¶9 The State filed its petition to revoke Ulrigg's suspended sentences in September 2009. The District Court judges revoked his suspended sentences on July 26 and 27, 2010. We decided *Stiffarm* on January 26, 2011. Then, on April 20, 2011, the Legislature amended § 46-18-203, MCA, to allow for the filing of petitions to revoke before the period of suspension or deferral. Ulrigg argues that our holding in *Stiffarm* should apply retroactively to his revocation, and that employment of the amended § 46-18-203(2), MCA (2011), in his case would constitute an ex post facto application of the law. Accordingly, he argues that the District Court lacked statutory authority to revoke his suspended sentence.

¶10 We recently decided *State v. Cook*, 2012 MT 34, 364 Mont. 161, ___ P.3d ___, holding that the rule announced in *Stiffarm* was a new rule of procedure that did not apply retroactively to cases on collateral review. Our holding in *Stiffarm* instead applied prospectively, from the date of decision until the amended § 46-18-203, MCA (2011),

4

became effective. *Cook*, ¶ 20. Therefore, *Stiffarm* does not apply to Ulrigg's revocations.

¶11 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. The issues in this case are legal and are controlled by settled Montana law.

¶12 Affirmed.

/S/ MIKE McGRATH

We concur:

/S/ MICHAEL E WHEAT
/S/ PATRICIA COTTER
/S/ BRIAN MORRIS
/S/ JIM RICE