FILED

April 14 2015

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 14-0534

DA 14-0534

IN THE SUPREME COURT OF THE STATE OF MONTANA

2015 MT 106N

STATE OF MONTANA,

        Plaintiff and Appellee,

v.

MARK ALLEN BENJAMIN,

        Defendant and Appellant.

APPEAL FROM:    District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DC-2001-212
Honorable John W. Larson, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

        Carl B. Jensen, Jr., Attorney at Law, Great Falls, Montana

        For Appellee:

        Timothy C. Fox, Montana Attorney General, Mardell Ployhar, Assistant
Attorney General, Helena, Montana

        Kirsten H. Pabst, Missoula County Attorney, Jennifer Clark, Chief Deputy
County Attorney, Missoula, Montana

Submitted on Briefs: March 11, 2015
Decided: April 14, 2015

Filed:

_____
Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by unpublished opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Mark Allen Benjamin ("Benjamin") appeals from the final judgment of the Fourth Judicial District Court, Missoula County, revoking his suspended sentence. The issue on appeal is whether the District Court erred when it denied Benjamin's motion to dismiss the petition to revoke his suspended sentence. We affirm.

¶3 In November 2001, Benjamin pled guilty in Missoula County to felony theft-common scheme and *nolo contendere* to felony theft (DC 01-212). The Missoula District Court sentenced him to the Department of Corrections for ten years, with five years suspended, on the felony theft-common scheme charge and to the Montana State Prison for forty years, all suspended, on the theft charge. The District Court imposed the sentences concurrently and designated Benjamin a persistent felony offender. In March 2006, Benjamin discharged to the suspended portion of his sentence. Pursuant to the terms and conditions of the suspended sentence, Benjamin was required to remain law abiding.

¶4 On December 5, 2013, Glacier County officials arrested Benjamin after he admitted to stealing grain from his employer. He was booked into the detention facility

at 2:30 p.m. and held on a probation hold for Missoula County case, DC 01-212. On December 6, 2013, the Glacier County Attorney charged Benjamin with four counts of Theft of Property by Embezzlement in violation of § 45-6-301(7)(a), MCA, and the District Court set bail at $250,000.

¶5      On December 20, 2013, the State filed a Petition to Revoke Benjamin's suspended sentence in Missoula County, DC 01-212. The Petition alleged that Benjamin violated the terms of his suspended sentence when he embezzled more than $400,000 from his employer. Three days later, the Missoula District Court issued a bench warrant and set bail at $10,000.

¶6      At the end of December, the Glacier County District Court held a bail hearing and reduced Benjamin's bond. Benjamin then posted bond and was released. Documents from both parties, filed in Missoula District Court, refer to the fact that Benjamin posted bail and was released, but conditions of the bail did not permit him to travel to Missoula. On April 3, 2014, Benjamin filed a motion to dismiss the petition in Missoula District Court.[1]

¶7      On May 19, 2014, the District Court in Missoula County held a hearing and denied Benjamin's motion to dismiss. The District Court concluded that district courts commonly do not require a separate hearing when a new charge is filed the day after a defendant is detained on a probation hold and bond is set on the new charge. Additionally, the District Court rejected Benjamin's contention that he was able to post

_____

[1] Benjamin has confused some of the dates in his brief. The record reflects the correct dates as stated herein.

3

bond on the Glacier County charges, but was held on the Missoula County case. The District Court concluded that Benjamin was in court, with counsel, when bond was set in the Glacier County case and could have raised the matter at that time.

¶8 In June 2014, Benjamin pled guilty to one count of embezzlement in Glacier County. On August 11, 2014, the Missoula District Court revoked Benjamin's suspended sentence in DC 01-212 and sentenced him to the Montana State Prison. Benjamin appeals.

¶9 "We review a district court's decision to revoke a suspended sentence for an abuse of discretion. A district court has statutory authority to revoke a suspended sentence under § 46-18-203(7), MCA." *State v. Martinez,* 2008 MT 233, ¶ 15, 344 Mont. 394, 188 P.3d 1034 (internal citations omitted). "The grant or denial of a motion to dismiss in a criminal case is a question of law which we review de novo." *State v. Goebel*, 2001 MT 73, ¶ 10, 305 Mont. 53, 31 P.3d 335 (citations omitted).

¶10 A probationer can be taken into custody on allegations of a probation violation in two ways. *Goebel,* ¶ 18. A judge may issue a warrant for the offender's arrest. Section 46-23-1012(1), MCA. Alternatively, a probation officer may arrest the offender or authorize the arrest by another officer. Section 46-23-1012(2), MCA. When a probation officer authorizes the arrest, the offender may be held, without bail, for 72 hours. Section 46-23-1012(3), MCA. Within 72 hours, the officer shall release the probationer, hold an intervention hearing, or "arrange for the probationer to appear before a magistrate to set bail." Section 46-23-1012(3)(a)-(c), MCA.

¶11 According to Benjamin, he was not seen by a magistrate within 72 hours as required by § 46-23-1012, MCA. Glacier County officials arrested Benjamin and booked him on the probation hold on December 5, 2013. The next day, the Glacier County Attorney filed charges against Benjamin and the District Court set bail. The State filed the Petition to Revoke Benjamin's Missoula County suspended sentence on December 20, 2013.

¶12 The District Court did not err when it denied Benjamin's motion to dismiss. Glacier County officials initially held Benjamin on a probation hold, pursuant to § 46-23-1012(2), MCA. However, the next day he was charged with embezzlement and the Glacier County judge set bond. There is nothing in the record establishing, and Benjamin has failed to demonstrate, that the probation hold lasted longer than 72 hours without bond or the opportunity to see a magistrate. Nothing in the record suggests that Benjamin tried to post bond on the Glacier County charges but was denied release due to a probation hold. In fact, the record shows that he did post bond and was released on bail.

¶13 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for unpublished opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review. The District Court's interpretation and application of the law was correct. The District Court did not err in denying Benjamin's motion to dismiss.

¶14 Affirmed.

/S/ MIKE McGRATH

We Concur:

/S/ LAURIE McKINNON
/S/ MICHAEL E WHEAT
/S/ BETH BAKER
/S/ JIM RICE